AUGUSTA WATER DISTRICT, PETITIONER.

*vs.*

AUGUSTA WATER COMPANY, et als.

Kennebec.    Opinion June 19, 1905.

*Appeal.   Review.   Judicial Discretion.   Eminent Domain.   Appraisement.   Costs.
Private Laws, 1903, c. 334.   Same, § 14.*

The act to incorporate the Augusta Water District, Chapter 334, Private Laws of 1903, which authorized the Water District to take all of the property and franchises of the Augusta Water Company, and which contained provisions in relation to the determination by appraisers of the value of the property taken, contained this provision in relation to the payment of the expenses incurred in such determination : " All costs and expenses arising under the provisions of this act shall be paid and borne as directed by the court in the final decree provided by section seven."

It was also therein provided, that the justice of this court, to whom the appraisers should make their report, upon confirmation of the same should make a final decree upon the entire matter ; that at the request of either party he should make separate findings of fact and of law ; that the findings of fact should be final, but that either party might except to any ruling of law.

After confirmation of the report of the appraisers, the justice directed that the costs and expenses of the appraisers at the hearing should be borne equally by the Water Company and the Water District, to which direction the Water Company took exception.

*Held:* That this direction was not a ruling upon a question of law, but the exercise of the sitting justice of the judicial discretion that was especially vested in him by the section of the Act above quoted.   That the exercise of a judicial discretion by a justice who is given by law authority to determine questions in his discretion cannot be reviewed by an appellate court, unless it is made to appear that the decision was clearly wrong or that it was based upon some error in law ; and that the case fails to show that the decision of the justice was wrong or that it was based upon any error in law.

On exceptions by defendant.    Overruled.

The case is fully stated in the opinion.

*Heath & Andrews, and A. M. Goddard,* for plaintiff.
*Orville Dewey Baker,* for defendants.

SITTING:  WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, JJ.

WISWELL, C. J.    Chapter 334 of the Private Laws of 1903, entitled "An Act to Incorporate the Augusta Water District," authorized the Water District to acquire by purchase, or to take by the exercise of the right of eminent domain, the plant, property and franchises of the Augusta Water Company within such district and elsewhere.    It contained a provision for the appointment by the court, in case the Trustees of the Water District and the Water Company should fail to agree upon the terms of the purchase of the latter's property, of three disinterested appraisers, for the purpose of fixing the valuation of such property.    It provided that these appraisers should make their report to a justice of this court, who, after notice and hearing might confirm, reject or recommit the same as justice might require, and who, upon confirmation of the report, should make a final decree upon the entire matter.    It was provided that the justice should make separate findings of fact and of law, at the request of either party; that the findings of fact should be final, but that either party might except to any rulings of law so made, and in case of any such exceptions so much of the case as was necessary for a clear understanding of the question raised should accompany the exceptions.    Section 14 of this Act is as follows:    "All costs and expenses arising under the provisions of this Act shall be paid and borne as directed by the court in the final decree provided by section seven."

In accordance with the provisions of the Act, appraisers were duly appointed, who, after hearing, made their report to the justice by whom they were appointed, and, among other things, reported the amount of the costs and expenses of the appraisers in the performance of their duty.    After notice and hearing this report was duly accepted and confirmed by the justice, and a final decree was made by him upon the entire matter, except that, by a stipulation of the parties, it was agreed "that the adjudication as to the costs and expenses under the special act may be made by supplementary decree, subject to exceptions by either party, the same as if embraced in this

decree." Subsequently, at a hearing before the justice upon the matter of the costs and expenses of the appraisers, it was contended by the Water Company that all of these costs and expenses should be borne by the Water District, but the justice ruled otherwise and directed that the same should be paid and borne equally by the Water Company and the Water District, to which ruling and direction the Water Company seasonably excepted, and upon this bill of exceptions presents to the law court the question as to the propriety of this order.

But this ruling was not upon a question of law, and no question of law is presented by the exceptions; only rulings upon questions of law were made subject to exception by the Act which alone authorized any of the proceedings. Even if it is possible that the ruling excepted to involved a question of law, the justice was not requested to make separate findings of law and of fact so that a ruling upon a question of law might be presented to the law court. This ruling and direction in relation to the apportionment of the expenses was rather the exercise by the sitting justice of the judicial discretion that was expressly vested in him by the section of the Act above quoted, to determine how these expenses should be borne and paid by the parties.

The exercise of a judicial discretion by a justice who is given by law authority to determine questions in his discretion cannot be reviewed by an appellate court, unless it is made to appear that the decision was clearly wrong or that it was based upon some error in law. *Marston* v. *Dingley*, 88 Maine, 546 ; *Conley* v. *Portland Gas Light Company*, 99 Maine, 57. "When the determination of any questions rests in the judicial discretion of a court, no other court can dictate how that discretion shall be exercised, nor what decree shall be made under it. There are in such cases no established legal principles or rules by which the law court can measure the action of the sitting justice unless indeed he has plainly and unmistakably done an injustice so apparent as to be instantly visible without argument." *Goodwin* v. *Prime*, 92 Maine, 355.

In this case the excepting party has absolutely failed to bring its case within the exceptions to this well settled rule. Its bill of

exceptions contains no portions of the evidence and no statements of facts from which we can determine that this apportionment of costs was manifestly unjust or erroneous, or that it was based upon some error in law.    Upon the contrary, so far as we can perceive from the case, it was eminently equitable and just  that the considerable amount of expenses and costs of the appraisers incurred during a long hearing in the determination of the value of the property of the Water Company taken by the Water District should be equally borne by the parties.

*Exceptions overruled.*