LOUIS ABREU and BERNADETTE ABREU, a Minor, by her next friend, ETHEL ABREU, Plaintiffs-Appellants *v.* BOB RAYMOND, et al., Defendants-Appellees

NO. 5642

MARCH 1, 1976

RICHARDSON, C.J., OGATA, MENOR, and KIDWELL, JJ., and CIRCUIT JUDGE HAYASHI in place of KOBAYASHI, J., Disqualified

*Per Curiam.* In this action for personal injuries suffered in an automobile accident, the jury returned a special verdict assessing damages, finding both plaintiffs and defendants negligent and apportioning the fault 60% to defendants and 40% to plaintiffs. Judgment was entered for plaintiffs for 60% of the damages assessed, together with allowable costs. Costs were taxed by the court, but only 60% thereof was ordered paid by defendants. Plaintiffs appealed from the order taxing costs. We reverse.

Rule 54(d), H.R.C.P., provides that "[e]xcept when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." HRS § 663-31 provides that contributory negligence not greater than the defendant's negligence shall not bar recovery of damages for personal injury, but the amount of the award shall be reduced in proportion to the amount of negligence attributable to the

plaintiff. Costs are not mentioned in the statute. The trial court erred in reducing the amount of the costs allowable to plaintiffs in proportion to plaintiffs' negligence.

We consider the applicable rule to be as expressed by the United States Court of Appeals, Seventh Circuit:

> While there is no question that, under Rule 54(d), Rules of Civil Procedure, 28 U.S.C.A. which provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; . . . " the court has discretion over the allowance of costs, we think the facts disclosed did not justify the exercise of that discretion. As we understand it, the denial of costs to the prevailing party or the assessment of partial costs against him is in the nature of a penalty for some defection on his part in the course of the litigation as, for example, by calling unnecessary witnesses, bringing in unnecessary issues or otherwise encumbering the record, or by delaying in raising objection fatal to the plaintiff's case. * * * A party, although prevailing, would be denied costs for needlessly bringing or prolonging litigation. *Chicago Sugar Co. v. American Sugar Refining Co.*, 176 F.2d 1, 11 (7th Cir. 1949).

Proof by defendants of contributory negligence reduced plaintiffs' recovery in this case, but did not result in any recovery by defendants from plaintiffs. Plaintiffs were clearly the only prevailing parties. There was no showing of any fault on the part of plaintiffs in the conduct of the litigation which would have justified exercise of the trial court's discretion to reduce costs. In the absence of such fault, the trial court was without discretion to reduce the costs to which plaintiffs were entitled as prevailing parties under Rule 54(d), H.R.C.P.

Reversed and remanded for entry of an order allowing costs in accordance with this opinion.

*James Krueger* for plaintiffs-appellants.

*James Kawashima (Kobayashi, Koshiba & Watanabe* of counsel) for defendants-appellees.