**Elmer M. HIGGINS, Jr.**

v.

**Ingeborg HIGGINS.**

Supreme Judicial Court of Maine.

March 7, 1977.

James H. Dineen, Kittery, for plaintiff.

Bennett, Kelly & Zimmerman, P. A. by Alton C. Stevens, John N. Kelly, Peter J. DeTroy, III, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DUFRESNE, Chief Justice.

The bonds of matrimony between the plaintiff husband, Elmer M. Higgins, Jr., and the defendant wife, Ingeborg Higgins, were severed by the Judge of the Tenth District Court, Division of Southern York, on the husband's complaint, the judgment of divorce issuing on August 20, 1974. When her appeal to the Superior Court was denied on November 7, 1974, the wife appealed to this Court, raising for our consideration the single issue: whether it was reversible error for the District Court Judge to deny her request for an electronic record of the proceedings in the District Court pursuant to Rule 76, D.C.C.R.[1] We deny her appeal.

---

* Weatherbee, J. sat at argument and participated in consultation, but died before the opinion was adopted.

1. Rule 76 of the District Court Civil Rules in pertinent part provides as follows:

ELECTRONIC SOUND RECORDING
(a) **Recording of Proceedings.** The Chief Judge of the District Court shall provide for the electronic sound recording of proceedings in the District Court by the use of recording equipment to be procured and installed in such

The issue arose in the following sequence of events. On August 16, 1974, at approximately 11:30 a. m., counsel for the defendant wife communicated with the Chief Clerk of the Tenth District Court, Division of Southern York in which the divorce complaint against Mrs. Higgins was pending to advise her that electronic recording of the divorce proceeding was desired. Shortly before the hearing commenced, a formal request to that effect was made to the Court. In his findings of fact, the Judge explained his denial of the request in the following language:

"The request was denied and [the] attorney [for the defendant] was informed that the Court required 24 hour notice to that effect. This practice is not unusual in other courts. The Court also indicated its willingness to continue the matter to a later date. [The attorney for the defendant] indicated that since the Defendant and a witness were to return to Germany it was impractical to continue the matter.

"Mrs. Patricia Beatty was in the Court as Chief Clerk of District Court, District Ten, Division of Southern York, on that date.

"Mrs. Patricia Beatty is competent to operate the electronic recording equipment which was installed in said District Court.

"Mrs. Patricia Beatty, although present, was not available to operate said equipment on that date, in that the Clerk's office was operating without the benefit of full clerical staff.

"That the use of Mrs. Patricia Beatty as an operator of the electronic device would have left the Clerk's office during a regular court day with the services of one full time clerk as opposed to three."

The defendant contends that she had an absolute right to an electronic recording of the divorce proceedings at that time and place as she had requested and that the denial thereof was reversible error.

We note, however, that the Rules do provide for a record on appeal through means other than the transcript of the proceedings made from electronic sound recording equipment.

Rule 75(c), D.C.C.R. provides in part as follows:

"In any case in which electronic recording would be routine or has been

manner as the Chief Judge may direct. The Chief Judge may by administrative order in his discretion direct that all proceedings, or certain proceedings, be recorded routinely without special request or order. Any proceedings not routinely recorded shall be recorded at the request of any party in such proceedings or by order of the District Court judge on his own motion. Nothing in this rule shall prevent any party or counsel from recording or transcribing such proceedings independently at his own expense, provided, however, that no recording or transcription therefrom nor any part thereof, made other than under the authority granted to the Chief Judge by this rule shall be incorporated in or substituted for any portion of a transcript included in a record on appeal without the consent of all parties to the proceedings and the approval of the District Court judge.

(b) **Personnel.**

(1) *Operators.* The Chief Judge of the District Court shall designate as authorized operators of electronic recording equipment a sufficient number of court personnel in each District to assure that an authorized operator

will be available whenever and wherever the court is in session in that District. It shall be the responsibility of the Chief Judge to employ and train personnel in the use of electronic equipment.

(2) *Transcribers.* The Chief Judge shall appoint a sufficient number of transcribers of electronic recordings to assure that all transcription of such recordings required under this rule is accomplished without unreasonable delay. All persons appointed as transcribers shall be sworn to the faithful discharge of their duties.

(c) **Courtroom Operation.** The Chief Judge of the District Court shall establish standards and procedures for courtroom operation of electronic recording equipment that will assure a complete and accurate oral recording of all proceedings, as well as a written record of all information necessary for an accurate transcription. At all times, the operation of the recording equipment shall be subject to the direction and order of the trial judge, provided that the right of any party to have any proceedings recorded shall not thereby be defeated.

timely requested under Rule 76(a) of these rules, if for reasons beyond the control of any party, no recording, or no transcript thereof, was made, or is available, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a transcript. . . ."

Rule 75(d), D.C.C.R. permits a record based on agreed statement of the parties:

"When the questions presented by an appeal to the Superior Court can be determined without an examination of all the pleadings, evidence, and proceedings in the court below, the ·parties may prepare and sign a statement of the case showing how the questions arose and were decided and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the questions by the Superior Court. . . ."

No attempt appears to have been made to show, nor is there any evidence demonstrating, that the defendant could not have presented to the Superior Court and ultimately to this Court on appeal the substantive issue of the propriety of the Judge's divorce decree in favor of her husband, if she had, pursuant to Rule 75(c), D.C.C.R., prepared for use a statement of the evidence, reconstructed from memory, instead of a transcript and submitted the same for settlement and approval of the District Court Judge.

■ We do agree with the defendant Rule 76(a), D.C.C.R., in providing that "[a]ny proceedings not routinely recorded *shall be recorded* at the request of any party in such proceedings" (emphasis added), is mandatory on the District Court. It cannot be arbitrarily ignored. To this extent, we concur with the Advisory Committee's note of January 18, 1974 which states:

"Subdivision (a) gives the Chief Judge leeway either to allow recording on a case-by-case basis where requested by the parties or the court, or to provide by regulation for routine recording in all cases or certain types of cases. *In any case where recording is not routine, the parties have an absolute right to a recording upon request.*" (Emphasis supplied) Maine Civil Practice, Field, McKusick and Wroth, (1974 Supp.) p. 125.

■ It is true that the purpose of the rule is "to encourage use of the recording and transcript procedure and to eliminate the administrative burdens involved in the adversary formulation of the statement, except where the statement is truly necessary." Id. at page 121.

■ The instant record disproves arbitrariness on the part of the District Court Judge. The defendant's rejection of a continuance of the hearing to a date when her request for an electronic sound recording of the divorce proceeding could be met and her full participation in the hearing without further protest was a strategic acceptance, then and there, of the secondary means of appellate procedure provided by the rules, should an appeal become necessary. Whatever disadvantage may have accrued to the defendant by reason of the absence of electronic sound recording of the proceeding necessitating the preparation of a record in the alternative form stems from her deliberate insistence that the hearing proceed forthwith.

■ While a party has a right to an electronic recording of the proceeding on request, that right may be subject to adjustment as to time or place depending upon the exigent circumstances existing at the time of the request. An individual's right must yield to practical considerations arising out of every day operation of the court system.

■ Reasonable delays must of necessity be anticipated for untoward causes due to limitations in court facilities and personnel. The rule does not guarantee availability of electronic recording equipment and quali-

fied operators of such equipment at any moment's notice.

Subsection (c) of Rule 76, D.C.C.R. provides in part:

"At all times, the operation of the recording equipment shall be subject to the direction and order of the trial judge, provided that the right of any party to have any proceedings recorded shall not thereby be defeated."

We believe that this provision empowers the Court not only with supervisory authority over the mechanical operation of the recording equipment, but further allows the judge to establish an accommodation by balancing the parties' rights to a recording as against particular exigencies which from time to time may arise.

Notwithstanding the rule provisions that the Chief Judge shall designate as authorized operators of electronic recording equipment a sufficient number of court personnel in each District *to assure that an authorized operator will be available whenever and wherever the court is in session in that District* and shall establish standards and procedures for courtroom operation of electronic recording equipment *that will assure a complete and accurate oral recording of all proceedings,* nevertheless, it is obvious that, at times, unforeseen eventualities will occur which will prevent strict compliance with the rule.

When required to protect a party's right to electronic sound recording of the proceedings, a continuance of the matter to a time when such recording will be available is proper judicial action, provided that the granting thereof is guided by judicial discretion. See Rule 40(b), D.C.C.R.

When particular circumstances warrant it and such action does not have the effect of defeating a party's right to an electronic recording, the granting of a continuance will not be held to constitute an abuse of discretion.

The findings of fact in the instant case indicate that the continuance was refused as impractical, since the defendant and her witness were to return to Germany. The record is devoid of any evidence respecting the nature and degree of impracticality to be caused by the proffered continuance. A party attacking the propriety of the exercise of discretionary power has an obligation to demonstrate that the court's action constituted an abuse thereof. *Chenell v. Westbrook College,* 1974, Me., 324 A.2d 735.

A careful review of this record causes us to conclude the defendant has not sustained the burden resting upon her to demonstrate that the action of the District Court Judge in proceeding to a hearing of the divorce complaint without electronic sound recording contrary to her request constituted an abuse of discretion, or that it was error of law. When a decree or ruling rests on the exercise of judicial discretion the court's decision may not be successfully reviewed unless an abuse of discretion is shown or there is error of law. *In re Wagner's Petition,* 1959, 155 Me. 257, 265, 153 A.2d 619, 624; *Augusta Water District v. Augusta Water Company,* 1905, 100 Me. 268 at 270, 61 A. 176.

Without an evidentiary record demonstrating that the suggested impracticality of the defendant's acceptance of the proffered continuance was such as to make it manifest that a plain and unmistakable injustice to the defendant would result from the court's action, this Court has nothing by which to measure the propriety of the findings of fact upon which the lower Court's decision rested. See *McAvoy v. Rush,* 1969, 248 A.2d 764; *Young v. Carignan,* 1957, 152 Me. 332, 337, 129 A.2d 216, 218.

The entry will be

Appeal denied.

All Justices concurring.