**Frieda A. TEEL**

v.

**Jeanette YOUNG et al.**

Supreme Judicial Court of Maine.

Aug. 3, 1978.

---

3. The name of the Industrial Accident Commission was changed to Workers' Compensation Commission by P.L. 1978, ch. 612.

Grossman, Faber & Miller, P.A., by Edward B. Miller (orally), Rockland, for plaintiff.

Preti & Flaherty by Thomas A. Cox (orally), Portland, for defendants.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

The sole issue which the parties have raised in this appeal is the propriety of the trial justice's denial of costs to the defendants (appellants) after judgment was entered in their favor. Before addressing this issue, however, we note that this case may not be before us properly.

Two actions were brought below. In one, Ralph Teel brought an action in negligence against the defendants Jeanette Young and the Regional Memorial Hospital. The other action was brought by his wife, Frieda A. Teel, claiming damages for loss of consortium. Upon Mr. Teel's death, Mrs. Teel was substituted as party-plaintiff in her capacity as executrix. The two actions were then consolidated for a jury trial.

Following presentation of the case by both sides, a special verdict form was presented to the jury. After deliberation, the jury found that the defendants were negligent but that the negligence of Ralph Teel was equal to or greater than that of the defendants. According to the docket entries, the judgment not having been included in the record on appeal, judgment was thereupon entered for the defendants.

It is clear, therefore, that there was a jury verdict and judgment entered against Mrs. Teel in her capacity as executrix.

The disposition of the claim for loss of consortium, however, is at best ambiguous.[1] It is not clear from the state of the record before us whether the judgment for the defendants included the loss of consortium claim or whether that claim is actually still pending. Obviously, if no final disposition has been made of that claim then there is no final judgment below from which appeal may be taken. See M.R.Civ.P. 54(b).

Accordingly, this case must be remanded for clarification of the judgment. If no judgment has been entered of the loss of consortium claim, then one should be entered on remand.

In fairness to the parties, however, since it is possible that all claims were actually disposed of below, we feel obliged to address the merits of the defendant's contentions regarding costs.

We agree that costs were improperly denied on the grounds stated by the trial justice here, but we remand since there may have been permissible grounds on which a denial of costs could have been based. If, on remand, the Justice below finds no such grounds, then costs must be allowed to the appellants.

The grounds for allowing costs to a prevailing party are found both in our statutes and our Rules of Civil Procedure. 14 M.R.S.A. § 1501 provides in part that *"In all actions, the party prevailing recovers costs unless otherwise specially provided."* M.R. Civ.P. 54(d) similarly provides that *"Costs shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs."*

We note great similarity between our Rule 54(d) and F.R.Civ.P. 54(d) which provides in pertinent part that *"Except when express provision therefor is made either in a statute of the United States or*

---

1. In its Order Denying Defendants' Bill of Costs, the Justice below referred only to the jury verdict regarding Mr. Teel's negligence claim and the judgment entered thereon. This reference creates doubts that the loss of consortium claim was actually adjudicated.

*in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."* Because of this similarity, we find instructive the federal cases construing this rule.

Appellants[2] initially argue that, by the very terms of § 1501 and Rule 54(d), costs must be allowed to the prevailing party[3] and that a trial judge has no discretion to order otherwise.

█ It is clear that Rule 54(d) itself expressly recognizes the existence of some discretion on the part of a trial justice in awarding costs. In construing the federal rule, federal courts have similarly found that a discretionary authority exists. *See* 6 *Moore's Federal Practice* § 54.70[5] (1976) and cases cited therein. Section 1501, it is true, does not in terms refer to the court's discretion. However, under the section, costs are allowed *"unless otherwise specifically provided."* We construe this exception to include an exercise of discretion by the court and find that the statute and the rule are consistent.[4]

In this case, the trial justice purported to exercise his discretion in awarding costs and denied costs on the basis that the jury had found that appellants were negligent and that their negligence was a proximate cause of Mr. Teel's injuries. Appellants contend that this was an improper reason to deny costs and constituted an abuse of discretion.

█ We agree.

Both § 1501 and Rule 54(d) clearly contemplate that the allowance of costs to a prevailing party is almost automatic. Because the allowance of costs, then appears to be the general rule, it follows that disallowance of costs is something in the nature of a penalty. Indeed, numerous federal courts have so found. *See ADM Corp. v. Speedmaster Packaging Corp.,* 525 F.2d 662, 665 (3rd Cir. 1975); *Chicago Sugar Co. v. American Sugar Refining Co.,* 176 F.2d 1, 11 (7th Cir. 1949), *Cf. Lewis v. Pennington,* 400 F.2d 806, 819 (6th Cir. 1968) (prevailing party is prima facie entitled to costs and it is incumbent upon unsuccessful party to overcome presumption).

In *Abreu v. Raymond,* 56 Haw. 613, 546 P.2d 1013 (1976), the Supreme Court of Hawaii faced a situation analogous to the instant case. That case concerned an action for personal injuries sustained in an automobile accident. The jury found that plaintiffs and defendants were both negligent and apportioned the fault 40% to plaintiffs and 60% to defendants. The trial judge then taxed defendants with 60% of the costs.

On appeal, the Hawaiian Supreme Court reversed.

The Court found that the penalty of denying or reducing costs was only apposite when the prevailing party had committed " 'some defection . . . in the course of the litigation as, for example, by calling unnecessary witnesses, bringing in unnecessary issues or otherwise encumbering the record, or by delaying in raising objection fatal to the plaintiff's case. . . . A party, although prevailing, would be denied costs for needlessly bringing or prolonging litigation.' " *Abreu v. Raymond, supra,* 546

---

2. The federal courts have held that a judgment is not appealable solely on the issue of costs unless the power to assess certain items of costs is in dispute or where there is a claim of abuse of discretion. *See Twentieth Century Fox Film Corp. v. Goldwyn,* 328 F.2d 190, 222 (9th Cir. 1964); 6 *Moore's Federal Practice* § 54.70[5] (1976). Since appellants here have alleged abuse of discretion we do not feel compelled to decide whether we should adopt this rule. It is difficult to imagine, however, that an appeal on the issue of costs could be brought without alleging either of the two grounds listed above.

3. Appellee does not appear to contest the fact that appellants are prevailing parties. However, with the entry of judgment in favor of the appellants it is clear that appellants are indeed the prevailing parties, at least as far as the negligence action is concerned. *See Adoption of V.M.C.,* 528 P.2d 788, 795, n. 14 (Alaska 1974).

4. That the statute and rule are consistent is apparent from the fact that the statutory scheme of costs was specifically amended in 1959 to conform to Rule 54(d). *See* Reporter's Notes, M.R.Civ.P. 54.

P.2d at 1014, *quoting Chicago Sugar Co. v. American Sugar Refining Co., supra* at 11. The contributory negligence of the plaintiffs in *Abreu* was insufficient to keep them from being the prevailing party. They were thus entitled to the full amount of costs in the absence of a showing that they had needlessly brought or prolonged the litigation. The reliance on the underlying merits of the case by the trial judge in assessing only partial costs was deemed to be an abuse of discretion.

In the instant case the sole reason given for denying costs to appellants, clearly the prevailing party below, was the fact that the jury had found that their negligence contributed to Mr. Teel's injuries. The penalty of denial of costs should not have been assessed against the appellants because of their negligence. Only misconduct of the type described above serves as a basis for denying costs.

The entry must be:

Appeal dismissed.

Remanded to the Superior Court for further action consistent with the opinion herein.