[Civ. No. 55383. Second Dist., Div. Four. Sept. 21, 1979.]

MAX GREENBERG, Plaintiff and Respondent, v.
PACIFIC TELEPHONE AND TELEGRAPH COMPANY,
Defendant and Appellant.

**COUNSEL**

Robert M. Ralls, Eugene Topel and Karl R. Slifer for Defendant and Appellant.

Jack L. Karen for Plaintiff and Respondent.

**OPINION**

**JEFFERSON (Bernard), J.**—This is an appeal taken by defendant Pacific Telephone and Telegraph Company from an order allowing plaintiff

Max Greenberg all costs incurred by him and denying defendant's motion to tax costs by either striking plaintiff's costs bill or to apportion costs on a comparative negligence basis.

Plaintiff was using the telephone in one of defendant's public telephone booths when a telephone book fell, injuring plaintiff's left big toe. Plaintiff sued defendant for damages alleging negligence as the basis of defendant's liability. Trial was by jury.

Total damages were found by the jury to be $5,000, but the jury also found that plaintiff was 80 percent responsible for his injury while defendant was only 20 percent responsible. Thus, plaintiff's recovery was limited to $1,000. Plaintiff moved for a new trial but the motion was denied. Plaintiff filed a cost bill in the sum of $348.50. Defendant filed its costs bill in the amount of $134. Defendant also filed a motion to tax costs by striking plaintiff's cost bill or, in the alternative, for an apportionment of costs based on comparative fault. The trial court rejected defendant's motion and this appeal followed.[1]

The order from which the appeal has been taken is an appealable order. (Code Civ. Proc., § 904.1, subd. (b); 6 Witkin, pt. I, Cal. Procedure (2d ed. 1971) § 83, p. 4094.) The appeal raises the issue of whether California's adoption of the doctrine of pure comparative negligence with respect to *damages* for negligence (*Li* v. *Yellow Cab Company* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393]) should be extended to apply to the *costs* incurred in such litigation. Plaintiff asserts that the appeal is frivolous, involving only minor sums and subjecting plaintiff, as the successful party below, to the burdens attendant upon being the respondent on appeal.

The case at bench was undoubtedly selected by defendant as a vehicle for litigating the issue because it involved a plaintiff who, although found 80 percent at fault by the jury, recovered 100 percent of his costs, while the defendant, found only 20 percent negligent, nevertheless was required to pay plaintiff's full costs of litigation as well as its own. We cannot characterize the appeal as frivolous, even though the issue involved has been considered, quite recently, in part, by other Courts of Appeal; the issue requires analysis and discussion.

---

[1]Defendant offered two alternative methods of applying comparative negligence principles to the case at bench: (1) Plaintiff to be denied 80 percent of his costs, with the net result that he would recover only $69.70 of the $348.50; (2) Plaintiff would be credited with $69.70, but defendant would be allowed 80 percent of its costs of $134, or $107.20, with the net result of an award of costs to the defendant of $37.50.

I

*The Issue of Whether the Doctrine of
Comparative Fault May Be Applied to
Preclude a Successful Plaintiff in a
Money Damage Action From Recovering
All of His Incurred Costs*

Code of Civil Procedure section 1032, subdivision (a), allows costs of litigation to be awarded to "plaintiff upon a judgment in his favor; . . . in an action for the recovery of money or damages; . . ." It was last amended in 1957, an amendment not material here. Interpretation of the section in the case law has long been that the "recovery" set forth in section 1032, subdivision (a), need only be "net," i.e., where there is some recovery although less than that requested. (See 4 Witkin, Cal. Procedure (2d ed., 1979 supp.) Judgment, § 96A, p. 184.)

In 1975, in *Li v. Yellow Cab Company, supra,* the California Supreme Court rejected the "all or nothing" rule which had barred a plaintiff contributorily negligent to any extent from recovering any damages from a negligent defendant. In its place, the court adopted the doctrine of pure comparative negligence, whereby a plaintiff could recover damages, diminished by that percentage of total damages attributable to his fault.

The *Li* court recognized that complex issues would arise in future cases where the doctrine was applied, particularly in multiparty litigation, but the court directed "the trial courts of this state . . . to use broad discretion in seeking to assure that the principle stated is applied in the interest of justice and in furtherance of the purposes and objectives set forth in this opinion." (*Li, supra,* 13 Cal.3d 804, 829.) Following the *Li* decision, the trial courts embarked on application of comparative negligence principles, a system of apportionment according to fault considered fairer and more equitable than its predecessor.

*Li* was followed by *American Motorcycle Assn. v. Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], which held that adoption of comparative negligence principles did not warrant the abolition of the joint and several liability of concurrent tortfeasors; a plaintiff could still recover his damages from any or all such defendants, diminished only by that percentage of the total damages occasioned by his own negligence. In *Daly v. General Motors Corp.* (1978) 20 Cal.3d 725 [144 Cal.Rptr. 380, 575 P.2d 1162], the doctrine of comparative negligence was extended to cover products liability litigation.

Neither *Li*, *American Motorcycle* nor *Daly* discussed the possibility of apportioning the costs of litigation on the same basis as damages. However, two Courts of Appeal have considered the matter. In *Hyatt* v. *Sierra Boat Co.* (1978) 79 Cal.App.3d 325 [145 Cal.Rptr. 47], plaintiff had been found 40 percent responsible for the damages he sustained, reducing his total damages of $850,000 to a recovery of $510,000. Plaintiff sought and obtained recovery of costs of $4,834.34 in the trial court. Defendant appealed from the judgment, including that portion thereof which awarded plaintiff the entire amount of his costs, contending that it would be more equitable to also reduce the amount of costs recoverable by plaintiff by the 40 percent responsibility determined to be his by the jury. The *Hyatt* defendant recognized that the *Hyatt* court could only adopt his position if the court was willing to interpret Code of Civil Procedure section 1032, subdivision (a), as allowing a plaintiff recovery of costs *only to the extent* to which judgment had been recovered pursuant to comparative negligence principles.

*Hyatt* held that present authority compelled affirmance of the judgment with respect to costs. It described defendant's argument as "persuasive," but explained that "this court is not a 'policy making' body and is therefore required to follow existing statutory and case law." (*Hyatt, supra,* 79 Cal.App.3d 325, 349.) In *Lemos* v. *Eichel* (1978) 83 Cal.App.3d 110 [147 Cal.Rptr. 603], it was held that *Hyatt's* reasoning was "sound" with respect to the recovery of costs. Research has not revealed any further California decisions on the point.

No other jurisdiction which has adopted some form of comparative negligence has, insofar as we have been able to discover, extended the comparative system to diminishing the amount of costs to be recovered by the prevailing party. Hawaii adopted comparative negligence by statute, but in 1976, the Supreme Court of Hawaii rejected the theory of allocation of costs; it was pointed out that the Hawaii statute was silent on the subject. (*Abreu* v. *Raymond,* 56 Hawaii 613 [546 P.2d 1013].) (See also, *Teel* v. *Young* (Me. 1978) 389 A.2d 322.)

In *Li*, when our Supreme Court adopted comparative negligence principles by judicial decision, it placed much reliance upon the reasoning of the Florida Supreme Court in *Hoffman* v. *Jones* (Fla. 1973) 280 So.2d 431. We note that several Florida appellate courts have since considered—and rejected—the extension to costs of apportionment principles. For example, in *Blaw-Knox Food & Chemical Equip. Corp.* v. *Holmes* (Fla.App. 1977) 348 So.2d 604, plaintiff had been found 48

percent contributorily negligent and defendant 52 percent negligent. The court held, nevertheless, that, where no counterclaim had been made by the defendant, there could be no apportionment of costs along comparative negligence lines.

In the case at bench, plaintiff points out that he did receive a judgment in his favor in the sum of $1,000, although it represented a reduction in his total damages by 80 percent—from $5,000 to $1,000. He notes the reluctance of the *Hyatt* and *Lemos* courts to make an interpretation of Code of Civil Procedure section 1032 to permit apportionment of costs by relative fault, particularly in view of the fact that the Legislature has had ample opportunity, since 1975, to amend that statute, but has failed to do so. Plaintiff also argues that the *American Motorcycle* case demonstrates that there is no predisposition on the part of the California Supreme Court to extend apportionment principles beyond the view that a successful plaintiff is entitled to have his recovery reduced *only* by that portion of damages attributable to his fault.

■ But the matter of costs has been fixed in our law by statutory enactment. We know of no principle of statutory construction and interpretation that would permit Code of Civil Procedure section 1032, subdivision (a), to be interpreted to reduce a successful plaintiff's costs by reason of his recovery damages having been lessened because of his contributory fault.

II

*Contributory Fault as a Factor in the
Determination of Recovery of Costs
When the Amount of the Judgment in a
Superior Court Action Could Have Been
Rendered in a Municipal Court*

Defendant also attacks the trial court's order allowing plaintiff full recovery for his costs incurred as an abuse of discretion under Code of Civil Procedure section 1032, subdivision (d). Subdivision (d) provides that "if the prevailing party recovers a judgment that could have been rendered in a court inferior in jurisdiction . . . , such prevailing party shall not recover costs unless the judge, . . . in his discretion, makes an order, allowing costs or such part thereof as he deems proper." In the case at bench, plaintiff's judgment for $1,000 was well below the monetary maximum jurisdiction of the municipal court, although the action was prosecuted in the superior court.

Code of Civil Procedure section 1032, subdivision (d), was analyzed in *Young* v. *General Telephone Company* (1977) 75 Cal.App.3d 177 [142 Cal.Rptr. 57]. It was said there that "[i]t is thus apparent that the 1953 amendment, which first adopted the 'prevailing party' language, was a legislative effort to relax the strict rule that no costs were recoverable by a plaintiff who selected the wrong court, and to permit the trial judge to allow costs to a plaintiff in a proper case." (*Id.,* at p. 182) The discretion exercised by a trial judge in "a proper case" is subject to interference by an appellate court only when an abuse of discretion has been shown.

The question presented here is whether, in the application of Code of Civil Procedure section 1032, subdivision (d), the fact that plaintiff's recovery of damages involved a reduction in his total damages suffered by reason of his contributory fault, constitutes a factor which should be considered by the trial court in determining the amount of costs, if any, to be allowed plaintiff.

We think a reasonable construction of Code of Civil Procedure section 1032, subdivision (d), requires the trial court to consider, as one factor, in the exercise of discretion whether to allow the prevailing party costs in full or in part, the percentage contribution of fault alloted to such prevailing party by the trier of fact. It is to be noted that subdivision (d) starts with the requirement that, in case of recovery of a judgment that could have been rendered by a court of inferior jurisdiction, the prevailing party *shall not* recover costs unless the trial judge deems "proper" the awarding of full costs or a portion thereof.

The statute (Code Civ. Proc., § 1032, subd. (d)) does not provide any guidance to the trial court with respect to what factors should be considered in the exercise of discretion to determine whether all or a portion of costs should be awarded to the prevailing party. It would seem clear that matters such as plaintiff's assessment of his chances of recovery beyond the jurisdiction of the municipal court when he filed his action—whether reasonable and in good faith—the amount of the recovery—looked at in relationship to the maximum amount of the municipal court jurisdiction—and the amount of costs incurred—are some of the factors to be considered by the trial judge in exercising his discretion under Code of Civil Procedure section 1032, subdivision (d).

■ We hold that the trier of fact's percentage assessment of fault against a prevailing plaintiff is also an appropriate factor which the trial court must consider in the exercise of discretion under Code of Civil Procedure section 1032, subdivision (d). In the case at bench, the trier of

fact assessed plaintiff's fault in the accident to be 80 percent. Such a high percentage of fault mandates against plaintiff's recovery of full costs incurred by him. It was an abuse of discretion, therefore, for the trial judge to allow plaintiff all of his costs incurred.

In so holding, however, we do not mean to imply that a plaintiff's costs must be disallowed to the full extent of the percentage of fault assessed against him. Nor do we hold that every percentage of fault on a plaintiff's part requires some disallowance of such plaintiff's costs. Under all the circumstances of a particular case, a relatively small percentage of fault may well not require any disallowance of full costs to a plaintiff.

Even though plaintiff was 80 percent at fault in the accident involved in the case before us, the percentage by which plaintiff's costs should be disallowed is still a matter left to the sound discretion of the trial judge. We hold only that, under the circumstances of this case, it was an abuse of discretion for the trial judge to allow plaintiff recovery of all costs incurred by him and not to make any reduction in the amount of costs to be recovered.

The order appealed from is reversed, with directions to the trial court to tax plaintiff's costs in conformity with the views expressed herein.

Files, P. J., and Alarcon, J., concurred.