## Bruce GREENLAW

v.

## RODNEY STINSON POST NO. 102.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 2, 1989.
Decided Dec. 6, 1989.

---

Barry K. Mills, Hale & Hamlin, Ellsworth, for plaintiff.

Edith A. Richardson, Philip D. Buckley, Rudman & Winchell, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

The plaintiff, Bruce Greenlaw, appeals from a judgment of the Superior Court (Hancock County, *Beaulieu, J.*) awarding costs to the defendant, Rodney Stinson Post No. 102 (Post). Greenlaw contends that because the Post did not submit its bill of costs to the court within the 10-day period prescribed by 14 M.R.S.A. § 1502-D (Supp.1988),[1] the court erred in granting any costs to the Post. We affirm the judgment.

Greenlaw brought suit against the Post and other defendants for damages for personal injuries he suffered in a fight following a dance sponsored by the Post. On August 19, 1988, a judgment was entered on a jury verdict for the defendants. On September 8, 1988, the Post filed a bill of costs in the amount of $4,198.68. Pursuant to section 1502-D Greenlaw challenged the Post's bill of costs on the ground that it had not been submitted within 10 days after entry of judgment. After a hearing, the trial court by its order approved the Post's costs in the amount of $2,950 and a judgment was entered accordingly from which Greenlaw appeals.

We have previously stated that the trial court has wide discretion in its determination of the type and amount of costs recoverable by the prevailing party in a civil action. *See Teel v. Young*, 389 A.2d 322, 324 (Me.1978). Because there is no sanction specified in section 1502-D for noncompliance with its provisions, we hold that the sanctions, if any, to be imposed for such noncompliance lie within the discretion of the trial court. The party "attacking the propriety of the exercise of discretionary power has an obligation to demonstrate that the court's action constituted an

---

**1.** 14 M.R.S.A. § 1502-D (Supp.1988) provides:

**Taxing of costs; hearing**

The prevailing party or his attorney shall submit a bill of costs to the court not later than 10 days after entry of judgment and serve copies on all parties required to pay these costs. Any party required to pay all or any part of these costs may, within 10 days after the date of service, challenge any items of cost and request review by the court. The prevailing party shall, within 10 days after such a challenge, submit to the court any vouchers or other records verifying any challenged items of cost. Either side may request oral argument and submit affidavits and briefs. Any evidentiary hearing on the reasonableness of costs will be held only when the judge determines that there exists a substantial need for the hearing and the amount of challenged costs are substantial.· If the presiding judge determines that the imposition of costs will cause a significant financial hardship to any party, he may waive all or part of the costs with respect to that part.

abuse thereof." *Higgins v. Higgins*, 370 A.2d 670, 674 (Me.1977). Accordingly, Greenlaw bears the burden of showing that the trial court's action resulted in a "plain and unmistakable injustice" to him. *Id.* Greenlaw points to no prejudice he suffered as a result of the Post's late filing, nor has he provided this court with a record of the hearing before the trial court on his challenge to the Post's bill of costs. We cannot say on this record that the trial court abused its discretion by approving a portion of the Post's bill of costs.

The entry is:

Judgment affirmed.

All concurring.