## Nell ADAMS

v.

## Joel E. ADAMS.

Supreme Judicial Court of Maine.

Submitted on briefs Jan. 4, 1993.
Decided Feb. 4, 1993.

Peter Bickerman, David M. Lipman, Lipman & Katz, Augusta, for plaintiff.

George Z. Singal, Daniel A. Pileggi, Gross, Minsky, Mogul & Singal, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Defendant Joel E. Adams, the former husband of plaintiff Nell Adams, appeals from an order by the Superior Court (Hancock County) clarifying a divorce judgment. The husband contends that the Superior Court erred in determining the due dates of his installment payments of marital property and calculating interest from the date of the judgment despite an automatic stay and a court-ordered stay of that judgment pending appeal. Finding no error, we affirm.

The wife filed a complaint for a divorce in 1989. Pending a divorce judgment, the Superior Court (*Chandler, J.*) ordered that the husband pay the wife $3,500 in monthly alimony and maintain medical insurance for her benefit. In the 1990 divorce judgment, the Superior Court (*Browne, A.R.J.*), awarded the wife $2,000 in monthly alimony and approximately $150,000 for her share of marital property retained by the husband. The judgment allowed the husband to pay the $150,000 in five equal installments over four years, provided that he pay interest on the balance at a rate of 10 percent per annum. The judgment did not require the husband to maintain the wife's medical insurance.

■ Execution of the judgment was automatically stayed pending appeal with regard to the husband's payment for the marital property. The portion of the judgment awarding alimony and deleting the husband's obligation to pay the wife's medical insurance, however, is excepted from the provisions of the automatic stay. M.R.Civ.P. 62(a) and (e).[1] In recognition of the fact that the wife would experience a reduction in support without realizing her share of marital property, the court granted her motion to stay the judgment in its entirety and ordered that the provisions for support pending divorce remain in effect, thereby maintaining the husband's obligation to pay $3,500 alimony monthly and to pay her medical insurance until the judgment became final. The husband subsequently dismissed his appeal and moved for clarification of the dates on which the divorce judgment required his payment of the marital property value. The Superior Court (*Chandler, J.*) determined that the appeal did not toll the due dates of the installment payments under the original judgment. The court also required that the interest on those installment payments specified in the judgment accrue from the date of the judgment rather than the date the appeal was dismissed and the judgment became final. The husband filed this timely appeal. We review for an abuse of discretion or other error of law. *Higgins v. Higgins*, 370 A.2d 670, 674 (Me.1977).

■ The court's order broadened the stay of execution so that the wife would

---

1. The applicable language in the rules is:
   Unless otherwise ordered by the court, an interlocutory or final judgment in an action for ... an order relating ... to the separate support ... of a person shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal.
   M.R.Civ.P. 62(a).

   Except as provided in subdivisions (c) and (d) of this rule, the taking of an appeal from a judgment shall operate as a stay of execution upon the judgment during the pendency of the appeal, and no supersedeas bond or other security shall be required as a condition of such stay.
   M.R.Civ.P. 62(e).

not be adversely affected by receiving a reduced level of alimony without receiving the benefit of her share of the value of the marital property. Although the husband paid more in alimony than he would have paid had he not appealed, that effect simply was the product of preserving the *status quo ante* during the pendency of the appeal. It was not an abuse of discretion or other error of law for the Superior Court to find that the judgment entitled the wife to receive the payments and interest on the unpaid balance as specified in the judgment.

■ The wife is entitled to recover her attorney fees for defending against this appeal. *Metivier v. Metivier,* 582 A.2d 971, 973 (Me.1990). The wife requests that we depart from our normal practice and determine the amount of attorney fees to which she is entitled. The appropriate procedure in the present case is the normal one of remanding the case to the Superior Court for the sole purpose of determining an award to the wife of reasonable attorney fees for this appeal. *Prue v. Prue,* 420 A.2d 257, 260 (Me.1980).

The entry is:

Judgment affirmed. Remanded for a determination of plaintiff's attorney fees on appeal.

All concurring.