1997 ME 208

**Alroy CHOW**

v.

**Eastlyn CHOW.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 19, 1997.

Decided Oct. 21, 1997.

Richard N. Solman, Solman & Page, P.A., Caribou, for plaintiff.

Richard L. Currier, Currier & Trask, P.A., Presque Isle, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Plaintiff Alroy Chow appeals from a judgment enforcing a divorce decree entered in the Superior Court (Aroostook County, *Pierson, J.*) on a motion filed by defendant Eastlyn Chow. He argues on appeal that the court erred in calculating interest on an overdue alimony award from the date of the divorce judgment rather than the date on which the payment was due. Finding no error, we affirm the judgment.

[¶ 2] The original divorce judgment, as amended in 1989, provides in relevant part as follows:

Alimony is awarded to the defendant in the amount of $35,000 per year until remarriage of defendant or death of either party, with the first payment to be made within one year of the date hereof. Alternatively, at the plaintiff's election, the plaintiff may satisfy his alimony obligation by payment of a lump sum amount of $225,000 to the defendant payable annually over three years bearing simple annual interest of 10%. However, such election must be made within 120 days from the date of this decree with the first payment due within 8 months thereafter. Pursuant to 19 M.R.S.A. § 721, it is the Court's intent that alimony may not be increased. It is also the Court's intent that alimony not be decreased.

[¶ 3] Plaintiff elected the option of making a lump sum payment of $225,000 payable over three years, beginning in 1990. As of the date of defendant's enforcement motion in 1996, there was still an outstanding balance. The court ordered plaintiff to pay the balance of the alimony award together with interest from the date of the amended divorce judgment.

[¶ 4] Relying on our opinion in *Raymond v. Raymond,* 480 A.2d 718 (Me.1984), plaintiff argues that the court erroneously imposed an interest obligation on a periodic alimony payment before the payment was due. Plaintiff is mistaken. He opted for the lump sum payment. Although the original order was ambiguous, in determining the enforcement motion the court appropriately clarified its judgment. *Murphy v. Murphy,* 1997 Me. 103 ¶ 8, 694 A.2d 932, 934. As clarified, the judgment reflects the fact that the lump sum alimony award was payable in three annual installments with interest[1] due from the date and calculated the interest accordingly.

1. In 1992, the parties agreed to modify the interest rate to 5%. The court adopted that agreement

of the judgment. Such an award is well within the range of discretion afforded the trial court. *Adams v. Adams,* 620 A.2d 286, 287 (Me.1993).

The entry is:

Judgment affirmed.