STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 02-425

LORALEE MESERVE

    Plaintiff,

v.

ORDER

TOBA TARP, INC., d/b/a/
PRATT ABBOTT & ALLEN MCRAE

DONALD L. GARBRECHT
LAW LIBRARY

SEP 4 2003

    Defendants

Before this court are Defendant Toba Tarp, Inc., d/b/a Pratt Abbott's Motion for Summary Judgment and Defendant Alan McRae's Motion for Summary Judgment, both pursuant to M.R.Civ.P. 56(c).

## FACTS

Defendant Pratt Abbott operates a retail dry cleaning store in West Falmouth, Maine. Defendant McRae was a customer of Defendant Pratt Abbott. On the morning of September 11, 2001, terrorists tragically struck New York City, Washington D.C., and Pennsylvania. Later that day Defendant McRae went to the West Falmouth dry cleaning store where he began discussing the terrorist attacks with Ms. Giguere, a nonparty employee of Defendant Pratt Abbott, who was working behind the counter. The parties dispute whether Defendant McRae belligerently implied that Ms. Giguere was an Arab after she failed to concur with his opinion that Arabs were to blame for the

1

terrorist attacks. Nevertheless, Defendant McRae and Ms. Giguere had some sort of verbal altercation.

Once Defendant McRae left the store Ms. Giguere informed her supervisor, Plaintiff Loralee Meserve, about the incident. Plaintiff called Defendant McRae to discuss the incident. The parties dispute the exact nature of the phone call, which turned into an argument. Afterwards, Defendant McRae left a message at Defendant Pratt Abbott. In turn, Plaintiff notified her immediate supervisor about the events.

On September 17, 2001, Defendant McRae returned to the store with dry cleaning. Defendant McRae encountered Plaintiff, who asked him to apologize to Ms. Giguere. Defendant McRae refused to apologize because he believed that he had been wronged. Consequentially, Plaintiff refused to take his dry cleaning. Defendant McRae called the owner of Pratt Abbott, Mr. Machesney, informing him of Plaintiff's refusal of service and demand for an apology for Ms. Giguere. Defendant McRae also requested, during this conversation, that he be able to do business with the store. Based on his conversation with Defendant McRae, Mr. Machesney terminated Plaintiff's employment.

## DISCUSSION

At the present procedural window, one that is potentially dispositive, this court must consider:

> A summary judgment is warranted when the statement of material facts and the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, cited in the statement of material facts establish that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law.

Darling's v. Ford Motor Co., 2003 ME 21, ¶4, 817 A.2d 877, 879 (citing M.R.Civ.P. 56(c), (h)). This court must also view the facts in a light most favorable to Plaintiff Meserve,

2

the non-moving party. <u>Doyle v. Dept of Human Servs.</u>, 2003 ME 61, ¶ 9, 824 A.2d 48, ___. However, the burden is on Plaintiff to "establish a prima facie case for each element of her cause of action." <u>Id</u>. ¶9. In addition, the Law Court no longer considers summary judgment an extreme remedy. <u>Curtis v. Porter</u>, 2001 ME 158, ¶7, 784 A.2d 18, 21.

## Count I: Violation of the Maine Human Rights Act

Plaintiff argues that Defendant Pratt Abbott wrongfully terminated her employment because she was protecting an employee she supervised from being discriminated against on account of race/ancestry. Title 5 M.R.S.A. §4571 states that "[t]he opportunity for an individual to secure employment without discrimination because of race, color, sex, physical or mental ability, religion, age, ancestry or national origin is recognized as and declared to be a civil right." However, the statements of material facts show that Defendant Pratt Abbott terminated Plaintiff for not serving Defendant McRae. The Plaintiff has not sufficiently rebutted this reason demonstrating pretext. Hence, her claim must fail.

## Count II: Violation of the Whistleblower Protection Act (WPA)

Plaintiff argues that Defendant Pratt Abbott fired her because she reported in good faith to Defendant Pratt Abbott race and ancestry discrimination involving another employee, conduct protected under the WPA, which resulted in her termination as well as suffering harassment. 26 M.R.S.A. § 833(1)(A) (2002). The Law Court has held that "[t]o prevail on a claim of unlawful retaliation pursuant to the WPA, an employee must show (1) that she engaged in activity protected by the WPA, (2) that she experienced an adverse employment action, and (3) that a causal connection

existed between the protected activity and the adverse employment action." <u>DiCentes v. Michaud</u>, 1998 ME 227, ¶14, 719 A.2d 509, 514. The *McDonnell Douglas* approach applies to a WPA claim. The problem is that Plaintiff has failed to demonstrate a causal connection between her whistleblowing and termination because other factors came into play such as her refusal to serve Defendant McRae when he tried to conduct business. Hence, Defendant Pratt Abbott had a valid reason to terminate her employment and her claim must fail because she has failed to meet her burden of persuasion on the issue of causation. *See id* at ¶ 16.

## Count III: Negligent Infliction of Emotional Distress

Plaintiff argues that Defendant McRae harassed a nonparty on the basis of her race or ancestry. According to Plaintiff, Defendant McRae had a duty not to retaliate against Plaintiff for defending the nonparty. As with most negligence claims, the Law Court has stated that a Plaintiff averring a NIED claim must demonstrate "that (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff was harmed; and (4) the breach caused the plaintiff's harm." <u>Curtis v. Porter</u>, 2001 ME 158, ¶18, 784 A.2d 18, 25 (citing <u>Devine v. Roche Biomed. Labs., Inc.</u>, 637 A.2d 441, 447 (Me. 1994)).

However, the Law Court has stressed that the abovementioned duty is limited to bystander liability actions and where a special relationship exists between the parties. <u>Id</u>. ¶19. In the present situation, a defendant/customer had two limited, albeit emotionally charged, interactions with a plaintiff/employee. At this point in time, the Law Court has not functionally defined a duty to reasonably avoid inflicting emotional harm in such circumstances.

## Count IV: Intentional Infliction of Emotional Distress (IIED)

Plaintiff argues that Defendant McRae not only verbally berated and harassed her, but also used his physical presence to put her in fear. An IIED claim consists of the following elements:

(1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from her conduct;

(2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized community;

(3) the actions of the defendant caused the plaintiff's emotional distress; and

(4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Curtis, 2001 ME 158, ¶10, 784 A.2d 18, 22-23 (quoting Champagne v. Mid-Maine Med. Ctr., 1998 ME 87, ¶15, 711 A.2d 842, 847) (internal bracket and quotes omitted). Plaintiff's statement of material facts may show that Defendant McRae's conduct may have been unpleasant and inappropriate, but his actions did not rise to the level intolerable to civilized society. Hence, this claim must fail. Furthermore, this Court notes that this claim would be more appropriate for Ms. Giguere because she actually endured Defendant McRae's unpleasant and inappropriate conduct.

## Count V: Interference with an Advantageous Relationship

Plaintiff argues that Defendant McRae's false statements about her to her employer Defendant Pratt Abbot caused her to lose her job. The Law Court has stated that "[t]ortious interference with a prospective economic advantage requires a plaintiff to prove: (1) that a valid contract or prospective economic advantage existed; (2) that

5

the defendant interfered with that contract or advantage through fraud or intimidation; and (3) that such interference proximately caused damages." Rutland v. Mullen, 2002 ME 98, ¶ 13,798 A.2d 1104, 1110 (citing James v. MacDonald, 1998 ME 148, P7, 712 A.2d 1054, 1057). There is no doubt that that Plaintiff had a prospective economic advantage in the form of her job with Defendant Pratt Abbot. The question is whether Defendant McRae used fraud or intimidation to cause Plaintiff to lose her job.

The statements of material fact show that Defendant McRae spoke with Defendant Pratt Abbot about his interaction with Plaintiff. However, there is no indication, even when viewed in a light most favorable to the Plaintiff, that Defendant McRae either through fraud or intimidation caused Defendant Pratt Abbot to fire her. Perhaps Defendant McRae suggested to Defendant Pratt Abbot that he would no longer do business with Defendant Pratt Abbot, but this is not the same as using fraud or intimidation to prompt Defendant Pratt Abbot to take such actions. Hence, this claim must fail.

WHEREFORE this court shall GRANT Defendant Pratt Abbott's Motion for Summary Judgment on Count I violation of the Maine Human Rights Act and Count II violation of the Whistleblower Protection Act. Moreover, this court shall GRANT Defendant McRae's Motion for Summary Judgment with regard to Count III Negligent Infliction of Emotional Distress, Count IV Intentional Infliction of Emotional Distress, and Count V Interference with an Advantageous Relationship.

Dated: August 22, 2003

Roland A. Cole
Justice, Superior Court

LORALLE MESERVE   - PLAINTIFF

Attorney for: LORALLE MESERVE
PETER SCHROETER
SMITH ELLIOTT SMITH & GARMEY
PO BOX 1179
199 MAIN ST
SACO ME 04072

Attorney for: LORALLE MESERVE
SARAH K HALL
SMITH ELLIOTT SMITH & GARMEY
7 CUSTOM HOUSE STREET
5TH FLOOR
PORTLAND ME 04101


vs
TOBA TARP, INC. - DEFENDANT

Attorney for: TOBA TARP, INC.
ROBERT KLINE
KLINE LAW OFFICES
75 MARKET ST
PO BOX 7859
PORTLAND ME 04112-7859

ALLEN MCRAE   - DEFENDANT

Attorney for: ALLEN MCRAE
MARK DUNLAP
415 CONGRESS STREET
PORTLAND ME 04112

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2002-00425

**DOCKET   RECORD**

STATE OF MAINE

CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND. SS
CLERK'S OFFICE

2003 NOV -4 P 3: 10

DONALD L C ........T
LAW LIB......Y

NOV ∴ 2003

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 02-425
RAC- CUM- 11/4/2003

LORALEE MESERVE,

Plaintiff

v.                                                      ORDER

TOBA TARP, INC., d/b/a PRATT ABBOTT
& ALLEN MCRAE,

Defendants

Before this court is Defendant, Toba Tarp, Inc.'s, d/b/a Pratt Abbott, *et al.*, Bill of Costs and Plaintiff, Loralee Meserve's Motion to Strike.

## FACTS

Defendants, Toba Tarp, Inc, d/b/a Pratt Abbott, *et al.*, has untimely submitted its Bill of Costs to this court. The Defendants submission was not within the required ten days after the entry of judgment. Instead, the Defendants filed its request some 48 days after the entry of judgment. Hence, based on this, the Plaintiff, Loralee Meserve, requests that this court strike Defendants Bill of Costs. In addition, Plaintiff asserts that the Bill of Costs should not be granted because of the significant financial hardship the imposition of such costs would have on her.

## DISCUSSION

The Defendants failed to timely submit his Bill of Costs after the entry of the judgment. Maine Law provides that "the prevailing party or the prevailing party's attorney may submit a bill of costs for all other costs or interest to the court not later than 10 days after entry of judgment . . . " 14 M.R.S.A. § 1502-D (2003). Additionally, Maine Law also provides, "[i]f the presiding judge determines that the imposition of

costs will cause a significant financial hardship to any party, the judge may waive all or part of the costs with respect to that party." Id. The Law Court has held that it is within the discretion of the trial court to determine what sanctions should be imposed for noncompliance with the statute. Greenlaw v. Rodney Stinson Post No. 102, 567 A.2d 75, 76-77 (Me. 1989) (The Court held that it was necessary for the party against whom judgment was entered to point to some prejudice he suffered as a result of the prevailing party's late filing.) Although, the Defendants assert that the Plaintiff has not suffered prejudice and has failed to offer evidence that the imposition of costs would result in present financial hardship, this court disagrees. In the case at bar, the Plaintiff convincingly asserts that she has children to care for, significant debt, and barely enough money to pay for food, heat and gas for her automobile.[1] Hence, this court finds that the Plaintiff has shown that, because of her financial situation, she will suffer significant prejudice as a result of the late filing of the Defendants Bill of Costs. See id. at 77.

WHEREFORE, this court **GRANTS** the Plaintiff's Motion to Strike Defendants Bill of Costs.

Dated: November 4, 2003

Roland A. Cole
Justice, Superior Court

---

[1] (See Plaintiff's Motion to Strike Defendant Toba Tarp's Bill of Costs at 2-3.)

LORALLE MESERVE  - PLAINTIFF

Attorney for: LORALLE MESERVE
PETER SCHROETER
SMITH ELLIOTT SMITH & GARMEY
PO BOX 1179
199 MAIN ST
SACO ME 04072

Attorney for: LORALLE MESERVE
SARAH K HALL
SMITH ELLIOTT SMITH & GARMEY
7 CUSTOM HOUSE STREET
5TH FLOOR
PORTLAND ME 04101


vs
TOBA TARP, INC. - DEFENDANT

Attorney for: TOBA TARP, INC.
ROBERT KLINE
KLINE LAW OFFICES
75 MARKET ST
PO BOX 7859
PORTLAND ME 04112-7859

ALLEN MCRAE  - DEFENDANT

Attorney for: ALLEN MCRAE
MARK DUNLAP
415 CONGRESS STREET
PORTLAND ME 04112

**DOCKET RECORD**