ADM CORPORATION, Appellee-Cross
Appellant,

v.

SPEEDMASTER PACKAGING COR-
PORATION, Appellant-Cross
Appellee.

DENNISON MANUFACTURING
COMPANY, Appellee,

v.

Armando MOTA and Frederick C. Os-
borne, Appellees-Cross Appellants.

Nos. 75–1072, 75–1073.

United States Court of Appeals,
Third Circuit.

Argued Sept. 30, 1975.

Decided Nov. 14, 1975.

Frank L. Bate, Shanley & Fisher, Newark, N. J., James G. Foley, Philip T. Shannon, Pennie & Edmonds, New York City, for appellant-cross appellee.

Thomas F. Curry, Framingham, Mass., for appellee.

John N. Bain, Bain, Gilfillan & Rhodes, Newark, N. J., for appellees-cross appellants.

Before VAN DUSEN, HASTIE and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

The instant appeals arise from a district court adjudication of certain disputes concerning a patent for plastic shipping envelopes. The factual and technical background is fully set forth in the opinion below, *ADM Corp. v. Speedmaster Packaging Corp.*, 384 F.Supp. 1325 (D.N.J.1974), but a brief summary of the procedural history will be helpful to our discussion.

ADM's predecessor in interest filed suit in June, 1968 for a declaratory judgment that defendant Speedmaster's patent No. 3,339,826 was invalid.[1] Defendant Dennison, a distributor of Speedmaster's products was also named as a defendant, but was dismissed by stipulation in December, 1968. In January, 1969 Speedmaster counterclaimed against ADM for infringement,[2] and in March, 1970 ADM charged Speedmaster with "malicious abuse of process" for asserting a patent with knowledge of its inval-

idity. In September, 1970 Dennison, having become an exclusive licensee under the patent, re-entered the lists and became a party to both the infringement and malicious abuse of process claims. Finally, Dennison, in May, 1972, withdrew its counterclaim against ADM for infringement.

After an April, 1974 trial to the court lasting several weeks, the trial judge made the following dispositions of the remaining claims:

1) Speedmaster's patent is invalid for obviousness;

2) Neither Speedmaster nor Dennison is guilty of malicious abuse of process;

3) ADM is not entitled to attorneys' fees from either Speedmaster or Dennison;

4) Each party shall bear its own costs except that Dennison shall have trial costs against ADM.

Speedmaster appeals from the first of these holdings, while ADM appeals from the third and fourth.[3]

## I. PATENT INVALIDITY

The determination that patent No. 3,339,826 is invalid for obviousness under 35 U.S.C. § 103 [4] will be affirmed. After a careful consideration of Speedmaster's contentions, we find no flaw in the trial court's legal analysis under *Graham v. John Deere Co.*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), and related cases.[5] If anything, the opinion

---

1. Suit was initially filed against Stanley Beskind, the patentee. Speedmaster was later substituted as assignee of the patent.

2. The third-party claims against Mota and Osborne need not receive any separate attention since all parties have proceeded as if these two individuals, principals of ADM, stand in exactly the same position as ADM.

3. While ADM still urges the facts upon which its malicious abuse of process claims were based, it does so only in the context of its claims for attorneys' fees. See part III, infra.

4. 35 U.S.C. § 103:

   Conditions for patentability; non-obvious subject matter

A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

5. The portion of the opinion sustaining the obviousness contention appears at 384 F.Supp. 1343–49.

has given the benefit of any doubts to the patent owner. Nor has an examination of the record and the devices in question revealed any underlying finding of fact which could be said to be clearly erroneous. Since the court will not substitute its independent judgment, the determination of obviousness will stand. We therefore have no need at this point to consider the other grounds of invalidity advanced by ADM and rejected by the district court.[6]

## II. ATTORNEYS' FEES

It is equally clear that the trial court's refusal to award attorneys' fees should not be disturbed. In its extensive arguments on this point ADM seems to have misapprehended the language of 35 U.S.C. § 285, which governs the award of attorneys' fees in patent cases:

> The court in exceptional cases may award reasonable attorney fees to the prevailing party.

■ ADM's contentions that this is an "exceptional" case are based on allegations that the patent was invalid for anticipation and the defendants knew it and on allegations of fraud on the patent office. The former position was expressly rejected by the trial court,[7] while the latter was implicitly rejected by the finding that the patentee's testimony was "fully credible." 384 F.Supp. at 1339. In reviewing the attorneys' fees issue, the district judge found that neither defendant had "been guilty of bad faith, fraud or misconduct in any of the incidents which [ADM] allege[s] as a basis for characterizing the suit as an exceptional case. . . ." 384 F.Supp. at 1350. We believe that this finding is based on ample evidence.

■ Furthermore, we note that § 285 speaks in permissive terms, so that the award of attorneys' fees lies in the trial court's discretion. *Randolph Laborato-*

*ries v. Specialties Development Corp.,* 213 F.2d 873 (3d Cir.), *cert. denied,* 348 U.S. 861, 75 S.Ct. 91, 99 L.Ed. 678 (1954). Thus even if we were inclined to agree that ADM had shown the elements of an "exceptional case," a different result would not necessarily be indicated, since the trial court here quite clearly did not feel that the circumstances "would make it greatly unjust for [the prevailing party] to take care of its own counsel fees . . . ." *Jacquard Knitting Machine Co. v. Ordnance Gauge Co.,* 213 F.2d 503, 509 (3d Cir. 1954). In short, ADM has failed to carry "the *double* burden in this court of clearly establishing the existence of an exceptional case *and* the abuse of discretion by the trial court in not awarding attorney fees." *Q-Panel Co. v. Newfield,* 482 F.2d 210, 211 (10th Cir. 1973). (emphasis added).

## III. COSTS

The trial court arrived at its allocation of costs by holding that the prevailing party on the validity/infringement issue, ADM, was *not* entitled to costs and that Dennison, the prevailing party on the "malicious abuse of process" issue, was entitled to costs.

■ Fed.R.Civ.P. 54(d) provides that:

> Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

We now hold that when a district court finds that the prevailing party is not entitled to its costs, it should support

---

**6.** ADM's claims that the patent is invalid for anticipation under 35 U.S.C. § 102(a) (prior use by others), § 102(b) (on sale more than one year prior to the application for a patent) or § 102(g) (prior invention by another) are rejected at 384 F.Supp. 1330–43.

**7.** Note 6, *supra.*

that determination with an explanation.[8] The trial court here set forth its explanation in footnote 25 at 384 F.Supp. 1351:

> The patent in suit was attacked on a broad range of issues. Invalidity by reason of anticipation was alleged on the *Gurewitz-Central Bag* experience in 1964. Then there was the claim that Beskind had in two ways anticipated his own patent, vis-a-vis Dennison.
>
> The Court spent a great deal of time scrupulously reviewing these allegations . . . .
>
> .    .    .    .    .
>
> It is the finding of this Court that the trial of this matter was attenuated merely by reason of the unmeritorious, and in the Gurewitz instance virtually frivolous, attacks made on the patent by reason of anticipation.
>
> Had plaintiff in this case confined itself to an attack on this patent based on obviousness, it would have prevailed just as surely but as far less costs both to the parties and to the public.

■ We recognize the trial court's right to deny costs where the prevailing party has unduly extended or complicated resolution of the issues. We also recognize an attorney's duty to provide a client with complete and vigorous representation by raising every good faith claim or defense in its behalf. We believe that in balancing these factors, the trial court must take care to evaluate the attorney's decision as of the time it was made, and not with the aid of hindsight gained from the collection and evaluation of evidence on the additional issues.

■ We adopt the language of the Seventh Circuit in *Chicago Sugar Co. v. American Sugar Refining Co.,* 176 F.2d 1, 11 (7th Cir. 1949), *cert. denied,* 338 U.S. 948, 70 S.Ct. 486, 94 L.Ed. 584 (1950):

> . . . the denial of costs to the prevailing party . . . is in the nature of a penalty for some defection on his part in the course of the litigation . . . .

Here we are persuaded that, in view of the necessary uncertainty in a claim based on a criterion as elusive as "obviousness," and the substantial credibility questions raised by the additional claims, the decision of counsel for ADM to raise additional claims is not deserving of such a penalty. Since there may have been grounds on which a denial of costs could permissibly have been based, a remand is required. On remand, the trial court should consider whether, if ADM is to be allowed costs,[9] part of the burden should be borne by Dennison[10] in view of Dennison's status during part of the pretrial period as a party to the validity/infringement issue.

## IV.  CONCLUSION

The judgment of the district court on the issues of patent invalidity and attorneys' fees will be affirmed and the case remanded for a consideration of the costs issue in a manner consistent with this opinion.

Each party will bear its own costs in this court.

---

**8.** We thus establish as a general rule the requirement imposed on the specific facts of *Fruehauf Corp. v. International Terminal Operating Co.,* 505 F.2d 730 (3d Cir. 1974). We note that *Fruehauf* was designated "Not for Publication" and thereby indicated to be of no precedential value. 3d Cir. Internal Operating Procedures, § H.

**9.** We note that an agreement between ADM and Speedmaster, appearing at N.T. 80, would seem to govern a part of the costs at issue and should be considered on remand.

**10.** The district court's award of costs to Dennison on the malicious abuse of process issues is otherwise unobjectionable, and we recognize that any allowance to ADM occasioned by this remand might leave a "net" award to Dennison.