[redacted]

James DELANEY and Helen Delaney, t/a 290 Madison Corporation, 290 Madison Corporation, a New Jersey Corporation, and James Delaney and Helen Delaney

v.

CAPONE, Carmine E., James J. Brown, Raymond M. Codey, Anthony Della Salla, Ernest Monfiletto, Patricia Juliano, Benjamin F. Jones, Michael Marucci, Joel L. Shain, Quincy Lucarello, Past and Present Commissioners and Councilmembers of the City of Orange; Edward Ferrari, Beverly Savage, Marion Stewart, Ralph Perrella, Kenneth Condon, Frank M. Pannucci, Jr., Sean McCarthy, R. Frank Curry, Arnold Reiter, Stanley Robinson, Past and Present Members of the Rent Leveling Board of the City of Orange; Essex County Legal Services Corporation, and John Atlas, 290 Madison Corporation and James Delaney and Helen Delaney, Appellants in 80–1776,

Edward Ferrari, Beverly Savage, Marion Stewart, Ralph Perrella, Kenneth Condon, Frank M. Pannucci, Jr., Sean McCarthy, R. Frank Curry, Arnold Reiter, Stanley Robinson, Past and Present Members of the Rent Leveling Board of the City of Orange, Appellants in 80–1777,

Carmine E. Capone, James J. Brown, Raymond M. Codey, Anthony Della Salla, Ernest Monfiletto, Patricia Juliano, Benjamin F. Jones, Michael Marucci, Joel L. Shain, Quincy Lucarello, Past and Present Members of the City of Orange Board of Commissioners and Councilmembers, Appellants in 80–1778.

Nos. 80–1776 to 80–1778.

United States Court of Appeals,
Third Circuit.

Argued Jan. 20, 1981.

Decided Feb. 27, 1981.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Anthony M. Mahoney (argued), and Dennis M. Mahoney, Mahoney & Mahoney, Westfield, N. J., for appellants in No. 80–1776.

Alfonso C. Viscione (argued), Orange, N. J., for appellants in No. 80–1777.

Francis J. Dooley (argued), Orange, N. J., for appellants in No. 80–1778.

Before GIBBONS, VAN DUSEN and WEIS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Alleging that unconstitutional actions of the defendant city officials caused the loss of an apartment building through foreclosure, the plaintiffs brought suit under 42 U.S.C. § 1983 (1976). Their principal contention was that the income from the building was reduced, and the building itself eventually lost, through the actions of a rent leveling board created by a city ordinance. Inverse condemnation challenges to the constitutionality of the rent control regulation in the New Jersey state courts were unsuccessful, and the plaintiff's building was finally sold in a mortgage foreclosure proceeding.

After a bench trial, the district court found that res judicata barred consideration of the federal claim, since it was indistinguishable from the prior state actions. The court further found that even if res judicata was not dispositive, the plaintiffs had failed to establish that the loss of the building was proximately caused by the regulatory acts of the city officials. Although rent control reduced the income from the property, the court found the plaintiffs had chosen to maintain a thin equity in the building and did not meet the mortgage payments. In addition, the court concluded that the proceedings before the board comported with due process and that there was adequate cause to support the board's orders. Moreover, the court found that the defendant officials had established their claim to qualified immunity.

The plaintiffs have appealed from the judgment of the district court, and the defendants have cross-appealed the failure of the district court to award them costs as prevailing parties.

We have reviewed the plaintiffs' briefs and considered the contentions they raised at oral argument. We conclude that the district court's findings of fact are not clearly erroneous, and we perceive no reversible error in its rulings of law. Accordingly, the judgment in favor of the defendants will be affirmed.

The district court directed that "each party to the suit is to bear its own costs," but did not disclose its reasons for that action. Normally costs are allowed as a matter of course to the prevailing party, although the court may direct otherwise. See Fed.R.Civ.P. 54(d). In ADM Corp. v. Speedmaster Packaging Corp., 525 F.2d 662, 664–65 (3d Cir. 1975), we said that when the district court determines that a prevailing party is not entitled to costs, there should be an explanation entered on the record. See also Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976).

Although the decision to deny costs is largely a matter of discretion, an articulation of the basis for the order is necessary for purposes of appellate review. Of course, we express no view as to whether costs should be awarded in this case.

Accordingly, the case will be remanded for further proceedings consistent with this opinion.