PEARLSTINE, Jules and Pearlstine, Eileen, his wife, Appellants,

v.

The UNITED STATES of America and United States Postal Service.

No. 80–2498.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) March 26, 1981.

Decided May 4, 1981.

Before ADAMS and GARTH, Circuit Judges and FISHER *, District Judge.

## OPINION OF THE COURT
## PER CURIAM.

This is an appeal from a district court order denying plaintiffs' motion, filed pursuant to Fed.R.Civ.P. 54(d), for costs and expenses incurred while seeking to enforce a lease agreement against the United States Postal Service.[1]  In order to resolve the controversy, we are called upon to address the following questions: First, whether attorney's fees are recoverable against the United States and the United States Postal Service in instances alleging vexatious litigation and bad faith;  second, whether the district court abused its discretion in denying plaintiffs' motion for costs incurred in this litigation.

### I.

On June 15, 1970, appellants Jules and Eileen Pearlstine leased a one-story building located in Clementon, New Jersey to the United States and United States Postal Service for a period of fifteen years.  On July 11, 1978, the Postal Service advised the Pearlstines of its intent to construct an addition to the leased property.  The Pearlstines filed suit on December 1, 1978, seeking injunctive relief against the Postal Service.[2]  They contended that the new addition would make it physically impossible to restore the building to its original condition, and that this would violate the applicable lease provision and therefore constitute "waste" within the legal meaning of the term.[3]

Frederick C. Horn, Jeffrey T. Sultanik, Pearlstine, Salkin, Hardiman & Robbins, Lansdale, Pa., for appellants.

Anthony C. Liotta, Acting Asst. Atty. Gen., Peter F. Vaira, U. S. Atty., Gary Tilles, Asst. U. S. Atty., Philadelphia, Pa., James W. Moorman, Edward J. Shawaker, Maria A. Iizuka, Attorneys, Dept. of Justice, Washington, D. C., for appellees.

* Honorable Clarkson S. Fisher, Chief Judge, United States District Court for the District of New Jersey, sitting by designation.

1.  Fed.R.Civ.P. 54(d) provides:
    Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs;  but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.  Costs may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

2.  The Pearlstines amended their complaint on February 22, 1979, specifying that jurisdiction was founded on 28 U.S.C. § 1339 and 39 U.S.C. § 409(a).

3.  Paragraph 9 of the lease agreement provided that:
    The Government shall have the right to make alterations, attach fixtures and erect additions, structures or signs in or upon the premises hereby leased (provided such alter-

Following extensive litigation, the Postal Service, on September 8, 1980, informed the Pearlstines that the proposed project had been abandoned. On September 19, the district court, with the consent of both parties, permanently enjoined the Postal Service "from constructing an addition to the structure of the premises known as the Clementon Post Office." The Pearlstines moved for an award of attorney's fees and costs pursuant to Fed.R.Civ.P. 54(d).[4] The district court denied the motion, and the Pearlstines brought this appeal. For the reasons set forth below, we affirm the portion of the judgment denying plaintiffs' request for counsel fees and vacate that portion of the judgment dealing with plaintiffs' request for costs.

## II.

In *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), the Supreme Court reaffirmed the American rule that, in the absence of an explicit statutory exception, a prevailing litigant is not entitled to recover attorney's fees from the losing party. The Court recognized, however, that certain narrow exceptions to the American rule exist. Thus, a court relying upon its inherent equitable powers, may award reasonable attorney's fees "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." 421 U.S. at 258–59, 95 S.Ct. at 1622 (quoting

*F. D. Rich Co., Inc. v. United States ex rel. Industrial Lumber Co., Inc.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)).[5]

The statute which governs with respect to the award of attorney's fees and costs against the government, 28 U.S.C. § 2412, states:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title *but not including the fees and expenses of attorneys* may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action. A judgment for costs when taxed against the Government shall, in an amount established by statute or court rule or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by him in the litigation. Payment of a judgment for costs shall be as provided in section 2414 and section 2517 of this title for the payment of judgments against the United States.

(emphasis added). Because the Postal Service is an "independent establishment" of the executive branch of the United States, Postal Reorganization Act, Pub.L. No. 91–375, § 201, 84 Stat. 720 (1970) (codified at 39

---

ations, additions, structures or signs shall not be detrimental to or inconsistent with the rights granted to other tenants on the property or in the building in which said premises are located); which fixtures, additions or structures so placed in, upon or attached to the said premises shall be and remain the property of the Government and may be removed or otherwise disposed of by the Government. Prior to expiration or termination of this lease the Government shall, if required by the Lessor by notice in writing sixty days in advance of such expiration or termination, restore the premises to as good condition as that existing at the time of entering upon the same under this lease, reasonable and ordinary wear and tear and damages by elements or by circumstances over which the Government has no control, excepted.

**4.** They sought:

(1) filing fees and costs of deposition, in the amount of $235.63, (2) costs of photographs taken in preparation of litigation in the amount of $821.45, (3) expert witness fees in the amount of $500 and $900, respectively, and (4) attorney's fees at the rate of $100 per hour totaling $18,180.

**5.** Other recognized exceptions to the rule against an award of attorney's fees include the allowance of such fees from a common fund which is recovered for the benefit of persons other than the litigating attorney or his client, *Boeing Co. v. Van Gemert*, 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980); *Trustees v. Greenough*, 105 U.S. 527, 26 L.Ed. 1157 (1882); and the assessment of fees as part of the fine for the willful disobedience of a court order, *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1923).

U.S.C. § 201 (1976)), and the statutory term "agency," includes an "independent establishment," *see* 28 U.S.C. § 451, the Postal Service falls within the § 2412 provision. Normally, then, the Postal Service is insulated from awards of attorney's fees.

Plaintiffs argue that the conduct of the Postal Service that brought about this injunctive action was vexatious and obdurate and that the Service's persistence in litigating this matter was founded on a frivolous defense and taken in bad faith.[6] *See Straub v. Vaisman & Co., Inc.*, 540 F.2d 591, 598–600 (3d Cir. 1976). They rely on *National Association of Letter Carriers v. United States Postal Service*, 590 F.2d 1171 (D.C.Cir.1978), for the proposition that attorney's fees are recoverable against the Postal Service, notwithstanding § 2412, when the actions of the Service were taken in bad faith, vexatiously, wantonly, or for offensive reasons. Reliance on *National Association of Letter Carriers*, however, is misplaced. There, the Court of Appeals for the District of Columbia held that the actions of the Postal Service in dismissing a letter carrier and subsequently contesting a judicial action for the enforcement of an arbitrator's award did not amount to vexatious or wanton conduct justifying an award of attorney's fees under the equitable power of the court. *Id.* at 1178. More important, the court noted that because Congress had not expressly waived the immunity of the Postal Service against awards of attorney's fees, an independent bar to such an award existed regardless of bad faith. *Id.* at 1180. Similarly, other courts of appeals have held that § 2412 does not authorize a judicially fashioned "bad faith" exception for the awarding of attorney's fees against the United States Government, but provides only a limited waiver of sovereign immunity. *Gibson v.*

*Davis*, 587 F.2d 280, 281–82 (6th Cir. 1978), *cert. denied*, 441 U.S. 905, 99 S.Ct. 1993, 60 L.Ed.2d 374 (1979); *Rhode Island Com. on Energy v. General Services Administration*, 561 F.2d 397, 404–05 (1st Cir. 1977). Therefore, even assuming that the Postal Service acted in bad faith here, in the absence of explicit statutory authority, attorney's fees may not be awarded against it.

The recent Congressional amendment of § 2412, which authorizes the recovery of attorney's fees and expenses by the prevailing party in any civil action or adversary adjudication brought by or against the United States, offers no present succor to the Pearlstines. This is so because the provision does not take effect until October 1, 1981. Equal Access to Justice Act, Pub.L. No. 96–481, § 204(a), 94 Stat. 2327 (Oct. 21, 1980) (to be codified at 28 U.S.C. § 2412(a) & (b)). Under this Act, a court may, in its discretion, award reasonable attorney's fees and expenses to prevailing parties in civil actions involving the United States to the same extent as that which may be awarded against private parties. Thus, the United States Government will in the future be liable for attorney's fees under the "bad faith," "common fund," and "common benefit" exceptions. See H.R.Rep.No.96–1418, 96th Cong., 2nd Sess. 9, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4953, 4984, 4987. In addition to permitting recovery for attorney fees pursuant to these common law exceptions, the Equal Access to Justice Act further provides for recovery of attorney's fees against the United States in all civil actions (except tort actions) by the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Pub.L. No. 96–481, § 204(a), 94 Stat. 2328 (to be codified at 28 U.S.C. § 2412(d)(1)(A)).[7]

---

**6.** The Pearlstines cite *Miami Metropolitan Building Corp. v. United States*, 180 Ct.Cl. 503, 513 (1967) in support of this contention, in which a similar lease provision was construed to impose a duty upon the Government to restore the leased premises to the same condition as that existing at the time the lease was entered.

**7.** The amended § 2412 now reads in pertinent part:

(a) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the

But the legislative history and the very enactment of these amendments to § 2412 suggest that such recoveries were previously unobtainable. Since these amendments apply only to cases commenced or pending on or after October 1, 1981, the Pearlstine's action does not fall within their ambit. Because there is no other statutory exception, we hold that the Pearlstines are not entitled to attorney's fees in this case.

### III.

■ The Pearlstines also contend that the district court abused its discretion in summarily denying their motion for costs. The basis of their motion was Fed.R.Civ.P. 54(d), which provides that "costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law." As set forth earlier, § 2412 provides for the recovery of costs against the United States in conformity with 28 U.S.C. § 1920.[8] The taxation of costs, admittedly, is a matter within the discretion of the trial court. However, in this case, the trial court summarily denied the Pearlstines' motion for costs without offering any explanation.

■ In *ADM Corp. v. Speedmaster Packaging Corp.*, 525 F.2d 662, 664–65 (3d Cir. 1975), we stated that when a district court

United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

.     .     .     .     .

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

.     .     .     .     .

(C) The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

(2) For the purposes of this subsection—

(A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is founded by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

8. 28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal:

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

determines that a prevailing litigant is not entitled to an award of costs, an explanation must be entered on the record. *See also Delaney v. Capone*, 642 F.2d 57, 58 (3d Cir. 1981). An articulation of the reasons, however brief, is necessary in order for us to perform our appellate review function. Although *Speedmaster Packaging Corp.* was decided with respect to litigation involving private parties, there would appear to be no reason why the principle set forth there should not apply as well to actions instituted by or against the United States.[9] Rather than summarily rejecting a motion for costs, the district court must provide some explanation for its action. Of course, we express no view as to whether costs should be awarded in this case.

### IV.

The portion of the judgment of the district court denying an award of attorney's fees will be affirmed, the portion of the judgment relating to costs will be vacated, and the case remanded for further proceedings consistent with this opinion.

---

**9.** In light of the recent amendment to section 2412 which provides for a more expansive recovery of costs and expenses against the Government as previously set forth, the reasons for requiring a district court to explain to some degree the denial of costs becomes more readily apparent.