COMPRO–FRINK COMPANY

v.

VALK MANUFACTURING COMPANY.

Civ. A. No. 80–2748.

United States District Court,
E.D. Pennsylvania.

Nov. 1, 1982.

Eugene Chovanes, Jackson & Chovanes, Edward L. Jackson, Bala Cynwyd, Pa., for plaintiff.

Stuart E. Beck, Trachtman, Jacobs & Beck, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

VANARTSDALEN, District Judge.

Plaintiff and defendant are both manufacturers of heavy duty highway snow plowing equipment. Plaintiff's complaint charged defendant with patent infringement of two patents held by plaintiff involving the mechanical design and operation of snowplows. The complaint sought an injunction, an accounting, and monetary damages. Defendant filed an answer denying infringement and asserting the invalidity and unenforceability of the patents. Defendant also filed a counterclaim seeking declaration of invalidity and damages for misuse of the patent by wrongfully accusing defendant of infringements of the patents.

After extensive discovery, a full trial, nonjury, was held on the merits. By opinion and order dated June 15, 1982, I ruled that both patents were valid and enforceable, but that the snowplows manufactured by defendant did not infringe either patent. Consequently, final judgment was entered in favor of defendant on plaintiff's claim for damages and injunctive relief, and in favor of plaintiff on defendant's counterclaim for declaratory relief. Thus neither party was a prevailing party as to the respective claim asserted by each party, but both were prevailing parties to the extent each was defending against the claim of the other. However, to the extent that the judgment decrees that the patents are valid and enforceable, arguably, at least, on the whole litigation, plaintiff, as holder of the patents is the prevailing party.

Subsequent to entry of the judgment, plaintiff filed a motion to amend the judgment. By stipulation of counsel that motion was withdrawn and no appeal from the entry of the final judgment has been taken.

Defendant has filed a bill of costs for a substantial sum. Costs have not been taxed by the Clerk of Court. Plaintiff filed a motion seeking a court order that neither party be awarded costs. Defendant opposes the motion, contending it is the prevailing party.

Federal Rule of Civil Procedure 54(d) provides, *inter alia*, that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." This Circuit has held that the court has discretion in awarding costs. *Copperweld Steel Co. v. Demag-Mannesmann-Bohler*, 624 F.2d 7 (3d Cir.1980). Costs may be denied a prevailing party, which is largely a matter of discretion. *Delaney v. Capone*, 642 F.2d 57 (3d Cir.), *cert. denied*, 454 U.S. 828, 102 S.Ct. 120, 70 L.Ed.2d 103 (1981). When a district court determines that a prevailing party is not entitled to costs, an explanation should be entered on the record, because an articulation of the basis for the order is necessary for purposes of appellate review. *Delaney, supra* at 58; *ADM Corp. v. Speedmaster Packaging Corp.*, 525 F.2d 662, 664–65 (3d Cir. 1975).

In *ADM Corp., supra*, also a patent infringement case, the court opined that denying costs to a prevailing party is in the nature of a penalty, as where the prevailing party has unduly extended or complicated resolution of the issues.

The problem in the present case, as previously noted, is in determining realistically who is the prevailing party. It would be impossible, from a practical point of view, to allow costs to each respective party only as to the defense against the other's claim, because those costs, in most instances, are inseparable from the affirmative claim asserted by such party. Quite frequently, witnesses who appeared and testified presented testimony relevant to several issues in the case. The issue of infringement was related to interpretation of the scope of the patent claims, which in turn was related to patent validity. There has been no practical suggestion by the parties of any reasonable allocation on the basis of costs attributable to a successful defense as opposed to costs attributable to an unsuccessful claim.

As previously noted, arguably plaintiff was the prevailing party on the overall litigation. Plaintiff, however, seeks no costs. Defendant contends that at least as to the issue of infringement, it was the prevailing party and should be awarded costs. Because there is no way that costs could be fairly allocated on the basis of prevailing issues, rather than as to prevailing parties, neither party should be entitled to costs. It is clear that both parties gained something by the action, while at the same time being unsuccessful in establishing any wrongdoing on the part of the other. Defendant may continue to manufacture the accused snowplows; plaintiff has a judicial declaration of patent validity; neither was able to establish that the other was liable in damages.

In this case, regardless of who is the prevailing party, if either, to deny costs to both parties does not, as a practical matter impose a penalty on either party. Rule 54(d) speaks in terms of a "prevailing party." In the context of this case, in practical effect, there was no prevailing party and no losing party. The litigation resulted in a tie. Neither is entitled to costs.