**B. BRAUN MEDICAL INC., Plaintiff,**

v.

**ABBOTT LABORATORIES and NP Medical, Inc., Defendants.**

Civ. A. No. 93–3883.

United States District Court,
E.D. Pennsylvania,

June 30, 1995.

Albert G. Bixler, Daniel Segal, Hangley, Connolly, Epstein, Chicco, Fox and Ewing,

Philadelphia, PA, William G. Todd, Porter F. Fleming, and Richard E. Parke, Hopgood, Calimafde, Kalil, Blaustein & Judlowe, New York City, for plaintiff.

Benjamin J. Naitove, Philadelphia, PA, Lee Carl Bromberg, and Robert L. Kann, Boston, MA, for defendants.

## MEMORANDUM & ORDER

HUYETT, District Judge.

### I. BACKGROUND

B. Braun Medical, Inc. ("Braun" or "Plaintiff") commenced this action against Abbott Laboratories ("Abbott") and Nypro, Inc. ("Nypro") (Abbott and Nypro together, "Defendants") alleging Defendants' Luer Activated Valve ("NP LAV") infringed U.S. Patent No. 4,683,916, assigned to Braun and entitled NORMALLY CLOSED AUTOMATIC REFLUX VALVE ("916 Patent"). Defendants' First Amended Answer and Counterclaim set forth patent misuse as an affirmative defense and as the basis for a declaratory judgment and asked the Court to grant further relief.

Following a trial limited to liability issues before a jury which, by the conclusion of trial, consisted of seven jurors, a verdict was returned on special interrogatories in favor of Defendants on the issues of infringement, patent misuse, and equitable estoppel. On the basis of the verdict, Defendants asserted they were entitled to recover monetary damages on their counterclaim of patent misuse. Trial Tr. of Nov. 22, 1995 at 130. Plaintiff objected and moved the Court to receive briefing on the issue. *Id.* at 120. By order

dated November 30, 1994, the Court directed the parties to brief the question of "whether a claim of patent misuse, asserted either as an affirmative defense or as the basis of a counterclaim for declaratory judgment, allows an award of monetary damages." *B. Braun Medical, Inc. v. Abbott Laboratories and NP Medical, Inc.*, C.A. No. 93-3883 (E.D.Pa. Nov. 30, 1994). The Court will treat Defendants' assertions following the return of the jury's verdict as a motion for a hearing on the issue of the amount of monetary damages, if any, sustained by Defendants, and for the reasons discussed below will grant the hearing requested by Defendants.

### II. DISCUSSION

 Defendants contend that they are entitled to monetary damages pursuant to section two of the Declaratory Judgment Act, 28 U.S.C. § 2202, based on patent misuse [1]. Braun argues that patent misuse may be asserted only as an affirmative defense. However, it is clear that patent misuse may form the basis of an action for declaratory relief and a counterclaim. *See American Securit Co. v. Shatterproof Glass Corp.*, 166 F.Supp. 813, 818–19 (D.De.1958), *aff'd*, 268 F.2d 769 (3rd Cir.1959), *cert. denied*, 361 U.S. 902, 80 S.Ct. 210, 4 L.Ed.2d 157 (1959), *reh'g denied*, 361 U.S. 973, 80 S.Ct. 584, 4 L.Ed.2d 553 (1960) (patent misuse asserted as both an affirmative defense and the basis of a counterclaim for declaratory judgment).

 In this action, Defendants raised the issue of patent misuse both as an affirmative defense and as the basis of a counterclaim.

---

1. Defendants also claim they are entitled to monetary damages under the Declaratory Judgment Act for false charges of patent infringement allegedly communicated to Defendants' customers by Plaintiff. This allegation has not previously been raised and was not the subject of a special interrogatory to the jury at trial. Under the Declaratory Judgment Act, the court may award further *relief* which may not have been pleaded or proved at trial, but may not retroactively amend the complaint to add a new cause of action. *See Edward B. Marks Music Corporation v. Charles K. Harris Music Publishing Co.*, 255 F.2d 518, 522–23 (2d Cir.1958) (adjudication of infringement and accounting allowed in action for declaratory judgment of ownership and injunction to restrain infringement).

Defendants assert their defenses of equitable estoppel and patent misuse each provide an independent basis for monetary damages. However, Defendants' authority for their estoppel argument relates to *promissory* estoppel, in which reliance damages are authorized, not *equitable* estoppel, the theory Defendants relied on at trial. In light of the Court's holding that the Declaratory Judgment Act allows monetary damages to be awarded under a declaratory judgment counterclaim based on patent misuse, the question of whether a purely defensive assertion of patent misuse allows the Court to award monetary damages under its inherent equitable powers need not be decided.

The jury's determination that Braun engaged in patent misuse despite an instruction on purging of the misuse (Jury Instructions at 23–24) entitles Defendants to the declaratory judgment they seek.

■ Under 28 U.S.C. § 2202, the Court may grant "further necessary or proper relief based on a declaratory judgment ... after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. The 'further relief' may include monetary damages. *Alexander & Alexander, Inc. v. Van Impe*, 787 F.2d 163, 166 (3rd Cir.1986). "The district court [has] the power to hear the issue of [monetary] damages." *Insurance Services of Beaufort, Inc. v. Aetna Casualty and Surety Co.*, 966 F.2d 847 (4th Cir.1992).

■ Braun contends that patent misuse does not constitute an independent cause of action and therefore can never "provide a vehicle for affirmative relief, even when the defense is improperly designated a counterclaim." Pl.'s Mem. at 9. This argument disregards the nature and purpose of declaratory relief. "The Declaratory Judgment Act, 28 U.S.C. § 2201 [and] the 'Further Relief' statute, 28 U.S.C. § 2202 ... provide additional remedies where jurisdiction already exists." *Smith v. Lehman*, 533 F.Supp. 1015 (E.D.N.Y.1982), *aff'd*, 689 F.2d 342 (2d Cir.1982), *cert. denied*, 459 U.S. 1173, 103 S.Ct. 820, 74 L.Ed.2d 1018 (1983). As noted, the Court has jurisdiction to hear a counterclaim premised on patent misuse. *American Securit, supra*. "The grant of power contained in [section 2202] is broad enough to vest the court with jurisdiction to award [monetary] damages where it is necessary or proper to effectuate relief based upon the declaratory judgment rendered in the proceeding." *Security Ins. Co. of New Haven v. White*, 236 F.2d 215, 220 (10th Cir. 1956). Monetary damages may be required to "effectuate relief" in a patent-related declaratory judgment action. *See Eastman Kodak Co. v. Studiengesellschaft Kohle*, 392 F.Supp. 1152, 1157 (D.Del.1975) ("Many courts have determined that a declaratory judgment action arises where [geographically] the alleged infringer ... suffers economic injury...."). Further, the advisory comment to Fed.R.Civ.P. 57 provides:

> The fact that a declaratory judgment may be granted 'whether or not further relief is or could be prayed' indicates that declaratory relief is alternative or cumulative and not exclusive or extraordinary. A declaratory judgment is appropriate when it will 'terminate the controversy' giving rise to the proceeding.

Awarding monetary damages under a declaratory judgment is unquestionably more expedient than requiring the target of misuse to file a successive action under a separate theory solely to recover for the economic harm it has sustained.

The Court holds that, provided Defendants can prove the economic harm they claim to have sustained, they may recover monetary damages under the declaratory judgment counterclaim for patent misuse. Accordingly, the Court will conduct a hearing to afford Defendants an opportunity to prove the amount, if any, of monetary damages they claim to have sustained.