**B. BRAUN MEDICAL, INC.**

v.

**ABBOTT LABORATORIES and NP Medical, Inc.**

No. CIV. A. 98–3883.

United States District Court, E.D. Pennsylvania.

March 25, 1999.

Albert Bixler, Connolly, Epstein, Chicco, Foxman, Engelmyer and Ewing, Philadelphia, PA, Daniel Segal, Hangley, Connolly, Epstein, Chico, Foxman & Ewing, Philadelphia, PA, William G. Todd, Porter F. Fleming, Richard E. Parke, Hopgood, Calimafde, New York, NY, for Plaintiff.

Benjamin J. Naitove, Wolf, Block, Schorr and Solis-Cohen, Philadelphia, PA, Lee Carl Bromberg, Robert L. Kahn, Kerry L. Timbers, Timothy M. Murphy, Bromberg & Sunstein, Boston, MA, for Defendants.

*MEMORANDUM*

O'NEILL, District Judge.

Braun sued Abbott and NP Medical for infringement of U.S. Patent No. 4,683,916. Defendants denied infringement and alleged that the Braun patent was invalid. In addition, defendants asserted as affirmative defenses patent misuse, equitable estoppel and implied license. Incorporating the allegations of their affirmative defenses, they also filed a counterclaim for declaratory judgment of non-infringement, patent invalidity and non-enforceability and for "such other and further relief as [the Court] deems just and proper."

In November, 1994, a jury found that the Braun Patent was valid but not infringed and found for defendants on their patent misuse and equitable estoppel de-

fenses. Braun prevailed on defendants' implied license defense.

Abbott asserted that it was entitled to damages for Braun's patent misuse and, by Memorandum and Order of June 30, 1995, the trial court permitted Abbott to offer evidence of such damages. The court specifically based this decision on the Declaratory Judgment Act, which gives the court discretion to grant necessary or proper relief based upon such a judgment. *See B. Braun Med., Inc. v. Abbott Laboratories*, 892 F.Supp. 115, 116–17 (E.D.Pa. 1995)

Thereafter, considerable discovery ensued and, after a second jury trial lasting approximately eight days in November–December, 1995, a jury found that Abbott was not entitled to any damages for Braun's patent misuse. The Court denied Abbott's motion for a new trial of the issue.

Braun asserts and Abbott does not deny that the eight-day misuse damages trial involved thousands of documents and dozens of witnesses as well as the filing of numerous pre-trial and post-trial papers. Braun also asserts that it spent approximately $741,000 to defend against the misuse damages claim. Abbott does not challenge this figure but states that it is irrelevant.

Braun appealed from the district court's judgment that it had misused and was equitably estopped from enforcing its patent, and that the accused devices did not infringe the patent. Abbott cross-appealed seeking attorney fees and damages for Braun's patent misuse. Apparently, Abbott did not appeal from the judgment of patent validity or lack of implied license.

The Court of Appeals for the Federal Circuit *inter alia:*

1. Affirmed the district court's judgment of non-infringement;

2. Reversed the judgment that Braun was equitably estopped from suing defendants;

3. Affirmed the judgment that Abbott was not entitled to damages for patent misuse;

4. Affirmed the district court's denial of attorney fees.[1]

With respect to patent misuse, the Court held as follows:

As we have mentioned, the patent misuse doctrine is an extension of the equitable doctrine of unclean hands, whereby a court of equity will not lend its support to enforcement of a patent that has been misused.... Patent misuse arose, as an equitable defense available to the accused infringer, from the desire "to restrain practices that did not in themselves violate any law, but that drew anticompetitive strength from the patent right, and thus were deemed to be contrary to public policy...." When used successfully, this defense results in rendering the patent unenforceable until the misuse is purged. It does not, however, result in an award of damages to the accused infringer.

The district court held the damages trial based ... on Abbott's counterclaim for declaratory judgment.... Relying on 28 U.S.C. § 2202, the district court held that "the Declaratory Judgment Act allows monetary damages to be awarded under a declaratory judgment counterclaim based on patent misuse...."

The Declaratory Judgment Act neither expands a court's jurisdiction nor creates new substantive rights....

In order that the court not be unduly limited, the Act ... states that once a court properly has jurisdiction to enter a declaratory judgment, it may also grant "[f]urther necessary or proper relief...." This provision ... was not designed, however, to allow a declaratory judgment plaintiff to avoid the re-

---

1. The Court declined to award costs.

quirements imposed by the substantive law as a predicate to obtaining such relief .... contrary to the district court's opinion, monetary damages may not be awarded "under a declaratory judgment counterclaim based on patent misuse," because patent misuse simply renders the patent unenforceable. In other words, the defense of patent misuse may not be converted to an affirmative claim for damages simply by restyling it as a declaratory judgment counterclaim.

*B. Braun Med.,Inc. v. Abbott Laboratories,* 124 F.3d 1419, 1427–28 (Fed.Cir.1997) (citations omitted).

Abbott filed a bill of costs seeking an award in the amount of $86,135.44. Thereafter the Clerk taxed costs in the amount of $77,167.37. The matter is before me on plaintiff's objections to the Clerk's taxation of costs.

Braun contends that Abbott is not a prevailing party pursuant to Rule 54(d) which provides that "costs shall be allowed as a matter of course to the prevailing party unless the court otherwise directs...." Thus the court has discretion in awarding costs and may deny an award to a prevailing party; if it does so, it is required to articulate its reasons for the denial, which is necessary for purposes of appellate review.

On this question the opinion of my colleague, Judge VanArtsdalen, in *Compro–Frink Co. v. Valk Manufacturing Co.,* 595 F.Supp. 302 (E.D.Pa.1982) is instructive. In that case Judge VanArtsdalen held that plaintiff's patents were valid and enforceable but that the products manufactured by defendant did not infringe the patents. Judge VanArtsdalen then asked the question, "realistically, who is the prevailing party." He observed that each party gained something by the action, while at the same time being unsuccessful in establishing any wrongdoing on the part of the other. Defendant was entitled to continue to manufacture the accused products and plaintiff obtained a judicial declaration of patent validity; neither was able to establish that the other was liable for damages. Accordingly he concluded that either there was no prevailing party or regardless of who was the prevailing party costs should not be imposed.

Judge VanArtsdalen also held, relying on *ADM Corp. v. Speedmaster Packaging Corp.,* 525 F.2d 662, 664–65 (3d Cir.1975), that costs may properly be denied to a prevailing party where the prevailing party has unduly extended or complicated resolution of the issues. *See also* the recent opinion of my colleague, Judge Katz, in *City of Rome, Italy v. Glanton,* 1999 WL 61595 (E.D.Pa. Feb.3, 1999).

Exercising the discretion conferred upon me by Rule 54, I will vacate the Clerk's taxation and direct that each party is to bear its own costs.

As in Judge VanArtsdalen's case, both Braun and Abbott won and lost. Braun secured a declaration of validity of its patent but did not recover damages. Abbott secured a declaration that its products do not infringe, leaving Abbott free to make and sell them, but did not recover damages. In the words of Judge VanArtsdalen: "In the context of this case, in practical effect, there was no prevailing party and no losing party. The litigation resulted in a tie."

Moreover, the principles that patent misuse is an unclean hands defense not giving rise to an action for damages and that the Declaratory Judgment Act confers no substantive rights are familiar and well-established ones and, with respect, it is surprising (at least to this writer) that they were not recognized and applied in the Memorandum of June 30, 1995. Given the Order of that date, Abbott was entitled to pursue its misuse damages counterclaim but the opinion of the Federal Circuit makes it clear that Braun should not have been compelled to defend against it. In these circumstances it would not be just, in my view, to require Braun to pay the costs taxed by the Clerk.

396

In sum, whether or not Abbott is a prevailing party, for the reasons set out above, I exercise my discretion to deny it the requested costs.

Having so ruled, I need not address the remaining objections asserted by Braun.[2]

### ORDER

AND NOW, this day of March, 1999, the Clerk's taxation of costs is VACATED. Each party shall bear its own costs.

---

2. At least one of these objections appears to have merit: Abbott should be required to abide by its agreement to split the cost of daily transcripts, an agreement which Abbott does not deny.