**SENIOR TECHNOLOGIES, INC., Plaintiff,**

v.

**R.F. TECHNOLOGIES, INC., Defendant.**

No. 4:97CV3241.

United States District Court,
D. Nebraska.

Feb. 17, 2000.

Roger P. Cox, Harding, Shultz Law Firm, Vincent L. Carney, Lincoln, NE, Roger D.

Greer, Steven P. Fallon, Greer, Burns Law Firm, Chicago, IL, for plaintiff.

James M. Bausch, Shawn D. Renner, Cline, Williams Law Firm, Lincoln, NE, Jane C. Schlicht, Raymond D. Jamieson, Cook, Franke Law Firm, Milwaukee, WI, for defendant.

## MEMORANDUM AND ORDER

KOPF, Chief Judge.

This is a patent infringement suit in which Plaintiff sued Defendant for infringement of two of its patents and Defendant filed counterclaims seeking declarations that one of Plaintiff's patents was invalid under 35 U.S.C. § 102, and that both of the patents at issue were unenforceable due to inequitable conduct before the U.S.Patent and Trademark Office. (Filing 250, Order on Final Pretrial Conf., at 7–8; Filing 42, Amended Counterclaim.) On September 1, 1999, judgment was entered in part as follows:

1. Judgment is entered against Plaintiff, and in favor of Defendant, on Plaintiff's infringement claims for the reason that Defendant has not infringed Plaintiff's U.S.Patent No. 4,682,155 or Plaintiff's U.S.Patent No. 5,268,670;

2. Judgment is entered against Defendant, and in favor of Plaintiff, on Defendant's counterclaims for the reasons that U.S.Patent No. 4,682,155 is not invalid under 35 U.S.C. § 102 and Defendant has failed to show inequitable conduct before the United States Patent and Trademark Office sufficient to declare U.S.Patent No. 4,682,155 and U.S.Patent No. 5,268,670 unenforceable;

(Filing 350.)

On November 5, 1999, the Clerk of Court taxed costs against Defendant in the amount of $16,991.25 (filing 368) and against Plaintiff in the amount of $15,557.80 (filing 367). Pending before the court is Defendant's motion for review of the Clerk of Court's taxation of costs (filing 369). In support of its motion, Defendant argues that Plaintiff should not have been awarded any costs since it was not a prevailing party and the Clerk erred in failing to allow certain items

listed in Defendant's bill of costs. In response, Plaintiff argues that neither party prevailed and each party should therefore bear its own costs.

■ Federal Rule of Civil Procedure 54(d)(1) states in part: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." A plaintiff "prevails" in the context of patent litigation " 'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.' " *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed.Cir.1996) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–13, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). Even if a party "prevails" within the meaning of this definition, "the district court judge retains broad discretion as to how much to award, if anything." *Id.* at 1183. *See also* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §§ 2665 & 2668, at 200 & 231 (1998) (Rule 54(d) makes allowance of costs discretionary; discretionary character of rule allows federal courts to pursue case-by-case approach and make costs decision on basis of circumstances and equities of each case).

The court's discretion embraces both allowing and disallowing all costs or only particular items. In some instances costs have been denied to both sides. This result has been considered appropriate when neither side entirely prevailed, or when both sides prevailed, or when the litigation was thought to be the result of fault on the part of both parties.

*Id.* § 2668, at 241–42 (footnotes omitted). The Eighth Circuit Court of Appeals has specifically approved the denial of costs when neither party prevails. *See Kropp v. Ziebarth*, 601 F.2d 1348, 1358 n. 27 (8th Cir. 1979) ("[W]hen a defendant counterclaims for affirmative relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties.").

■ In the patent infringement context, some courts have declined to tax costs when neither the plaintiff claiming infringement, nor the defendant asserting counterclaims for patent invalidity, non-enforceability, or misuse, prevails. *See B. Braun Medical, Inc. v. Abbott Labs.*, 38 F.Supp.2d 393 (E.D.Pa.) (vacating clerk's taxation of costs and directing each party to bear its own costs when plaintiff secured declaration of patent validity and defendant secured declaration that its products did not infringe, but neither party recovered damages; court found that, practically speaking, there was no prevailing party or losing party), *aff'd*, 1999 WL 1204570 (Fed.Cir. Dec. 14, 1999) (table); *Compro–Frink Co. v. Valk Mfg. Co.*, 595 F.Supp. 302 (E.D.Pa.1982) (denying costs to both parties when final judgment entered in favor of defendant on plaintiff's infringement claim, and in favor of plaintiff on defendant's counterclaims; when neither party prevailed as to the claims they asserted, but both prevailed to the extent they successfully defended claims asserted against them; and when denial of costs to both parties would not impose a penalty on either party as a practical matter). *See also Kalkowski v. Ronco, Inc.*, 424 F.Supp. 343, 354 (N.D.Ill. 1976) (declining to award costs to either party when plaintiff lost infringement claim, defendant established patent invalidity, and defendant lost on counterclaims; noting that usual practice is to deny costs when both parties have prevailed in part and that "[w]here in a patent case there are claims and counterclaims with the case being a close and difficult one, it is not an abuse of discretion for the trial judge to require each party to pay its own costs").

Other courts have reached, with little or no discussion, the opposite result. *Beraha v. C.R. Bard, Inc.*, 870 F.Supp. 1085 (N.D.Ga. 1994) (awarding defendant costs when plaintiff did not prevail on infringement claims), *aff'd*, 64 F.3d 678 (Fed.Cir.1995) (table); *Buehler AG v. Ocrim S.p.A.*, 836 F.Supp. 1305, 1327 (N.D.Tex.1993) (taxing costs to plaintiffs when court found in favor of defendants on plaintiffs' infringement claim and in favor of plaintiffs on defendants' counterclaims for patent invalidity and unenforceability; "The principal issue tried before the

Court was the claim of infringement of the patents in suit. On this issue, Defendants are the prevailing parties."), *aff'd*, 34 F.3d 1080 (Fed.Cir.1994) (table).

Because the judgment entered in this case did not materially alter the legal relationship between Senior Technologies, Inc., and R.F. Technologies, Inc., by modifying either party's behavior in a way that directly benefits the other party, neither party is a "prevailing party" for purposes of Fed.R.Civ.P. 54(d)(1). *Manildra Milling Corp.*, 76 F.3d at 1182. As aptly stated in *Compro–Frink Co.*,

> It is clear that both parties gained something by the action, while at the same time being unsuccessful in establishing any wrongdoing on the part of the other. Defendant may continue to manufacture the accused [products]; plaintiff has a judicial declaration of patent validity; neither was able to establish that the other was liable in damages.
>
> In this case, regardless of who is the prevailing party, if either, to deny costs to both parties does not, as a practical matter[,] impose a penalty on either party. Rule 54(d) speaks in terms of a 'prevailing party.' In the context of this case, in practical effect, there was no prevailing party and no losing party. The litigation resulted in a tie. Neither is entitled to costs.

*Compro–Frink Co.*, 595 F.Supp. at 304.

Accordingly,

IT IS ORDERED:

1. The Clerk's taxation of costs (filings 367 & 368) is vacated;

2. The defendant's motion for review of taxation of costs (filing 369) is granted insofar as it requests that the Clerk's taxation of costs be reversed, but is otherwise denied;

3. Each party shall bear its own costs; and

4. The Clerk shall remove Filing 371, Opposition to Defendant's Bill of Costs, from the court's internal pending motion list, as Filing 371 is not a pending motion.